## ATLANTA CON. ST. RAILWAY CO. *v.* KEENY.

*Simmons, C. J.*—1. A genuine silver coin of the United States, distinguishable as such, though somewhat rare and differing in appearance from other coins of this government of like denomination and of later dates, is nevertheless a legal tender for car fare, and a passenger ejected for refusal to make payment otherwise than by tendering such a coin, is entitled to an action for damages. See Jersey City etc. R. Co. *v.* Morgan, 52 N. J. Law Rep. 60, 40 Am. & Eng. R. R. Cases, 675 .

2. That the conductor declined to receive a coin of this character because he in good faith believed it was a counterfeit will not relieve the railroad company from liability.

3. There being evidence tending to show that in ejecting the passenger the conductor used to him insulting language and was "very impolite and gruff," the court was not unwarranted in charging the jury upon the law of vindictive damages.

4. Though the law relating to the extraordinary care due by railroad companies to passengers was not involved, it does not appear that alluding to it in the charge given to the jury resulted in any injury to the defendant. *Judgment affirmed.*

July 20, 1896. By two Justices.

Action for damages.    Before Judge Westmoreland. City court of Atlanta.    September term, 1895.

Keeny sued the railway company for damages, and obtained a verdict for $100.    The testimony in his behalf shows, that he boarded one of defendant's cars, not far from his home, about four o'clock of an afternoon in August, for the purpose of riding to his place of business.    Upon the conductor coming to collect his fare, he tendered a silver half-dollar coined in 1824, that being all the money he had about him, though he had other money at home.    The coin was somewhat rare, and of somewhat different appearance from coins of the same denomination of later dates. It was in fact a genuine coin of the United States; but the conductor pronounced it a counterfeit, handed it back and said, "You will pay the fare or get off the car mighty quick."    Plaintiff replied that was all he had; and sub-

mitted the coin to a policeman who was on the car, and who examined it and stated, in the hearing of the conductor, that he thought it was a good half-dollar. The conductor again said, pay the fare or get off the car; and plaintiff replied as before, and looked round, but did not know anybody from whom he could borrow a nickel. The car passed the next cross street, and the conductor stopped it about the center of the block and told plaintiff to get off the car or pay his fare. Plaintiff replied that he could not do it, and got off and walked to town, a distance of nearly a mile. He was aware that cars ran every fifteen minutes, and another car did pass him coming into town; but he did not hail it to get on, as he was afraid he would be insulted a second time. The manner of the conductor in addressing him was very impolite and gruff. The coin was in evidence before the jury. Plaintiff was corroborated in some degree by the policeman referred to. There was very material conflict between their testimony and that of the conductor and another policeman. The conductor admitted having rejected the coin because he did not think it was good; but denied having been impolite or having ordered plaintiff to get off the car, and claimed to have intended to let him ride to town, etc.

The court charged the jury: "If you find from the evidence in the case, that the plaintiff boarded defendant's car intending to become a passenger, he was entitled to all the rights and privileges of a passenger, that is, the defendant was due him the exercise of extraordinary care; and if he tendered to the conductor a genuine coin of the denomination as alleged, United States silver coin, in payment of his fare, it was the duty of the conductor to accept the coin and transport him to his destination. If the coin presented was not a genuine coin, in other words it was a counterfeit coin, the conductor ought not to have accepted it, and if the plaintiff failed to pay the fare demanded of him, he had the right to expel him from the car. But if the coin, as I

have stated, was a genuine silver coin of the United States government, the conductor should have accepted it and returned to him the change that was proper, and conveyed him to his destination. It is a question of fact to be determined by you under the testimony in the case. The coin is in evidence, and you have the right to inspect it in passing upon that question." This charge is assigned as error: (1) As to the exercise of extraordinary care being due to plaintiff, because there was no question of carelessness or negligence in the case. (2) As, touching the tender of a genuine coin, inapplicable to the real controversy; for if the coin tendered, though genuine, was so rare or of such appearance as to make it doubtful if it was genuine, the conductor had a right to refuse it if he really believed it was not genuine. (3) Plaintiff had no right to tender a coin of doubtful appearance and insist on change for it, and thereby claim the rights of a passenger. (4) He had no right to demand change from the conductor; his duty being to pay his fare in the amount demanded, and the conductor not being bound to accept a coin of different amount and treat him as a passenger. (The evidence in the record does not state what the amount of fare was, nor indicate that any question arose between plaintiff and the conductor with regard to changing the money.)

The court charged the jury in the language of sections 3065, 3066 of the code, and added: "Before you can allow any damages for aggravation, you must believe from the evidence that there were aggravating circumstances either in the act or the intention; and in passing upon this question, you can take into consideration the manner of the conductor, his surrounding circumstances at the time, the necessity for him to act quickly and promptly as conductor, and every other circumstance in the case which may throw light upon the good faith or bad faith of the conductor in expelling this passenger, if you find he expelled him." The court then charged in the language of section

3067 of the code, omitting any reference to the worldly circumstances of the parties; also omitting the last sentence of that section; and stating that "the amount of bad faith in the transaction, if any, and all the attendant facts, should be weighed by you." The error assigned is, that the evidence did not justify any charge which would authorize vindictive damages, or any other than merely compensatory damages sufficient to carry the costs against defendant.

Error is further assigned upon the refusal of the court to charge, upon oral request, that if the jury believed from the evidence that the coin offered by plaintiff was genuine, and yet that the conductor in good faith declined to take it because he believed it a counterfeit or not good money, they should give only nominal damages if they found for the plaintiff.

*N. J. & T. A. Hammond,* for plaintiff in error.
*Simmons & Corrigan,* contra.