## SEABOARD AIR-LINE RAILWAY *v.* O'QUIN.

1. Punitive damages are recoverable in an action against a railway com·pany by a passenger, where the evidence shows that he was, without justification or excuse, forcibly expelled from its train by the conductor or other employees in charge thereof.

2. When a common carrier undertakes, through its servants, to exercise its right to eject from its cars passengers who have been guilty of disorderly conduct, it acts at its peril in determining their identity; and if by mistake one who has in no way forfeited his rights as a passenger be ejected, the carrier will be liable to respond in damages for the tort thus committed by its servants, their good faith being only available in defeating a recovery of punitive damages.

3. In such an action it is not permissible for the carrier to plead or prove the conviction of the plaintiff in a criminal prosecution brought against him on the charge of using profane and vulgar language, in the presence of females, while upon its cars on the occasion when he .was forcibly expelled from the train.

Argued October 7,—Decided November 20, 1905.

Action for damages.   Before Judge Rawlings.   Tattnall superior court.   July 28, 1905.

This was an action to recover damages for unlawfully and wrongfully expelling the plaintiff from the defendant's cars, on which he was riding as a passenger, and for ejecting him with unnecessary force and causing him to be arrested for an offense alleged to have been committed on the cars.   The jury found a verdict for five

hundred dollars damages.   The defendant made a motion for a new trial, which was refused by the court, and it excepts to the judgment overruling this motion.   The evidence for the plaintiff tended to prove that he was a passenger on the cars of the Seaboard Air-Line Railway, and was traveling from Savannah to his destination at Fitzgerald; that when the train reached the station of Collins, in Tattnall county, certain detectives, employees of the railway company, forcibly ejected him from the train, without allowing him to get his baggage, and turned him over to the marshal of Collins; that on the next day, a warrant was sued out in Bryan county, at the instance of one of the detectives who ejected him from the train, and he was arrested on this warrant and had to give bond for his appearance before the committing court; that the warrant was subsequently dismissed for want of prosecution; that at the time of his ejection he was conducting himself in a proper and orderly manner, and that his previous conduct had given no pretext to the servants of the railway company for expelling him from the train, causing his arrest, and suing out a warrant against him.   The defendant offered evidence to show that at the time the plaintiff boarded its cars at Savannah, he was partially intoxicated; that while on its cars he used profane and obscene language in the presence of the passengers, among whom were several females; that because of such improper conduct he was expelled from the train by its employees; and that in ejecting him no more force was used than was necessary.

*Brown & Randolph, Thomas Eason,* and *J. V. Kelley,* for plaintiff in error.   *W. T. Burkhalter* and *J. K. Hines,* contra.

EVANS, J.   (After stating the facts.)   1. The first ground of the amended motion for a new trial complains that the court erred in charging the jury:  "In every tort there may be aggravating circumstances, either in the act or in the intention; and in that event, the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff."   The error assigned on this charge is that it was not applicable to the facts of the case.   The charge was almost a literal excerpt from the Civil Code, §3906, which is applicable in all cases where there has been a trespass upon or unlawful invasion of the personal rights of the aggrieved party.

*W. & A. R.* v. *Turner,* 72 *Ga.* 292; *City & Suburban Ry.* v. *Brauss,* 70 *Ga.* 368; *Georgia R.* v. *Homer,* 73 *Ga.* 257; *Georgia R. Co.* v. *Dougherty,* 86 *Ga.* 744. The case made by the plaintiff is, that, while traveling as a passenger and behaving in a decorous manner, he was ruthlessly ejected from the defendant's train by its servants, without any excuse and without informing him why he was so treated; that he was forcibly expelled, and that in ejecting him the company's employees, in the presence of other passengers, roughly took hold of his person and jerked him from the train. If this was the truth of the case (and the verdict of the jury solves this question in favor of the plaintiff), the conduct of the railway company's employees evinced a reckless disregard of the plaintiff's rights; their wrongful act amounted to a trespass upon his person, and the charge of the court was applicable to the case as made out by the evidence introduced in his behalf. *Georgia R.* v. *Homer,* supra; *Head* v. *Ry. Co.,* 79 *Ga.* 358; *Atlanta St. Ry. Co.* v. *Hardage,* 93 *Ga.* 457; *Southern Ry. Co.* v. *Harden,* 101 *Ga.* 263.

2. The following charge was also excepted to: "I charge you further, in determining this question and in dealing with the passenger while on the train, the railroad was bound to exercise extraordinary diligence in looking into the facts and circumstances and determining the question as to whether or not this particular passenger, or whether somebody else, had been using profane and vulgar language. In other words, in determining the question as to whether or not the passenger was subject to the section of the code which I have read to you—being ejected for using obscene language—they should use extraordinary diligence in determining that question." This charge is alleged to be erroneous, because the rule as to extraordinary diligence did not apply to the facts of the case, and because the court should have qualified the charge by instructing the jury that if the employees of the company acted in good faith and used ordinary diligence in undertaking to ascertain whether the plaintiff was the person who had been guilty of disorderly conduct on the train, the company could not be held liable for his expulsion. We agree with counsel for the plaintiff in error that the question of extraordinary diligence was not involved, under the facts of this case. A common carrier owes to a passenger the duty of exercising extraordinary diligence to guard him against in-

jury and to provide for his safety while he is traveling on its cars; but where the carrier, through its employees, acting within the scope of their authority, wrongfully ejects a passenger, the carrier is liable for the tort thus committed, irrespective of the good faith of its employees and the exercise on their part of ordinary prudence in determining whether or not the passenger has been guilty of misconduct. A mistake of fact on their part will not relieve the carrier from liability, even though they may have acted in entire good faith. *Georgia R. Co.* v. *Eskew,* 86 *Ga.* 641; *Atlanta Ry. Co.* v. *Keeny,* 99 *Ga.* 266. Their intention can only be looked to in determining whether the case is one calling for punitive damages. *Georgia R. Co.* v. *Eskew,* just cited. In expelling a passenger from its train, the carrier acts at its peril; and if he be wrongfully ejected, the fact that its servants acted under a misapprehension in supposing that he had been guilty of misconduct can afford no excuse to the carrier for his unlawful expulsion. A conductor on a passenger train is "invested with all the powers, duties, and responsibilities of police officers while on duty," and may lawfully eject a passenger who is guilty of disorderly conduct and cause him to be arrested and detained for a violation of any of the penal laws of this State; but the statute which clothes a conductor with this authority expressly provides that nothing therein contained "shall affect the liability of any railroad company for the acts of its employees." Penal Code, § 902. While the law as to extraordinary diligence does not apply to a case where a passenger is wrongfully ejected from a train by the servants of a railway company, yet the charge excepted to affords no cause of complaint to the defendant company, as the charge was more favorable to it than would have been a correct presentation to the jury of the law bearing upon its liability as a common carrier. *Atlanta St. Ry. Co.* v. *Keeny,* 99 *Ga.* 266.

3. On the trial the defendant offered an amendment to its plea, alleging that, since the filing of the suit, the plaintiff had been indicted and convicted in the superior court of Chatham county for using profane, obscene, and vulgar language, in the presence of females, on a passenger-car, on the same day as that on which he claims he was unlawfully ejected from the defendant's train. The court declined to allow this amendment. The record of the criminal proceeding therein referred to was offered in evidence in behalf of

the company, but was excluded by the court. Error is assigned upon both of these rulings. The judgment of conviction in a criminal prosecution constitutes no bar to a civil action based upon the same act or transaction. 24 Am. & Eng. Enc. L. (2d ed.) 831; *Cottingham* v. *Weeks,* 54 *Ga.* 275. This rule rests upon the reasoning that the two proceedings are not, ordinarily, between the same parties; different rules as to the competency of witnesses and as to the weight of evidence exist; and the issue in the criminal proceeding is not necessarily the same, either as to scope or as to its attendant results, as that involved in the civil action. In this State, the defendant is not, in a criminal case, permitted to testify, and his version of the transaction may be believed or rejected in the discretion of the jury; while, on the other hand, the party against whom the civil action is brought should not be held bound by the result of the criminal proceeding, not being a party thereto and not having the right to examine or cross-examine witnesses, or to control the conduct of the case. It follows that the court did not err in refusing to allow the amendment or in rejecting the proffered evidence.

*Judgment affirmed. All the Justices concur.*