## POWELL *v.* WILEY.

ATKINSON, J. 1. Where an action was brought for damages for an alleged assault and battery, and the defendant offered a plea setting forth his acquittal in a criminal prosecution for the same alleged offense, there was no error in disallowing the plea or in refusing to admit evidence in support thereof. *Tumlin* v. *Parrott*, 82 *Ga.* 735; *Cottingham* v. *Weeks*, 54 *Ga.* 275. See also *S. A. L. Ry.* v. *O'Quin*, 124 *Ga.* 357.

2. The charge of the court complained of was not erroneous for any reason assigned.

3. The remaining assignments of error, not being referred to in the brief of counsel for plaintiff in error, will be treated as abandoned. *Mayson* v. *State*, 124 *Ga.* 789.

*Judgment affirmed. All the Justices concur, except Fish, C, J., absent.*

Argued May 26,—Decided July 5, 1906.

Action for damages. Before Judge Reid. City court of Atlanta. September 16, 1905.

The plaintiff brought an action for assault and battery alleged to have been committed on him by the defendant. The defendant, after filing a plea, offered an amendment to the effect that he had been acquitted in a criminal prosecution for the alleged assault and battery, and contended that this acquittal was a bar to the right to recover punitive damages. The court disallowed the amendment, and refused to admit in evidence the record of the proceedings in the criminal prosecution; to both of which rulings the defendant

excepted. The plea, after denying the assault charged in the petition, set up a counter-claim for damages arising out of a different assault which it is alleged the plaintiff, who was a street-car conductor, committed upon the defendant, when a passenger, under the following circumstances: The defendant boarded the car one night and requested the plaintiff to stop to let him off at Hampton street. This the plaintiff neglected to do, but instead carried him to the end of the run. On the return trip, the defendant declared his intention of remaining on the car without paying a second fare until Hampton street was reached. He was told by the plaintiff that he would have to pay another fare or get off the car; and on his refusal to do either, the plaintiff, it is alleged, struck him on the head with a club or some other heavy instrument, knocking him off the car, and leaving him lying senseless in the street, etc. Under this pleading, the court charged: "If the conductor carrying the defendant took him beyond his stopping place, he [defendant] would not have the right . . to go to the end of the line and come back to his stopping-place, but his damage and his wrong would arise, if there was such, as soon as he was carried by his stopping-place, and his remedy would be to bring suit either against the company, the owner of the car in charge of the conductor, or against the conductor himself, for such damage as he may have sustained." The defendant assigns such charge as error, for the reason that "he had a right to stay on the car until it reached Hampton street on the return trip, the company having contracted to carry him to that place;" and "further, that this charge did not submit to the jury his contention that he was not merely put off the car but was knocked off with a club or sand-bag, and that it was calculated to leave the impression on the jury that his refusal to get off the car justified the conductor in knocking him off with a dangerous instrument."

*E. M. & G. F. Mitchell* and *Sims & Hewlett,* for plaintiff in error. *W. T. Colquitt* and *B. J. Conyers,* contra.