### SAVANNAH ELECTRIC COMPANY *v.* PRITCHARD.

FISH, C. J. 1. Upon the trial of an action against a street-railway company for an alleged willful and unjustifiable assault made upon the plaintiff, while a passenger on a car of the defendant, by the motorman engaged in running such car, where no negligence of the motor-

man or other employee of the defendant was alleged, the law relating to the extraordinary care due by railroad companies to passengers was not involved. *Atlanta Consol. St. Ry. Co.* v. *Keeny,* 99 *Ga.* 266 (4), (25 S. E. 629, 33 L. R. A. 824); *Seaboard Air-Line Ry.* v. *O'Quinn,* 124 *Ga.* 357, 359 (2), (52 S. E. 427, 2 L. R. A. (N. S.) 472). Accordingly, the court in its charge to the jury should not have defined ordinary and extraordinary care, and directed the jury to mark the distinction between the two. Such instructions in a case of this character may not always be cause for the grant of a new trial. *Keeny's* case, supra. It was material error, however, for the court to charge as follows: "Now when a man becomes a passenger upon a car the corporation owes him this extraordinary diligence, and within that extraordinary diligence is protection, protection from itself, from its officers and employees, protection from fellow-passengers and in some instances from the outside public; and with the idea of protection comes the idea of forbearance. That is to say, a man who is a passenger upon a railway car is not only entitled to protection from the conductor or other agents, but they are to exercise to him the attitude of other people who are in a protecting relation to people. They are not to lose their temper because of petulance, inquisitiveness, or curiosity. They are to use forbearance until it comes to the point where in the protection of other passengers or protection of themselves such forbearance ceases to be right. . . You will mark the various gradations of duty to the passengers of a corporation. First, extraordinary diligence, and with that forbearance, reasoning with a passenger before applying force." These instructions were in several respects not applicable to the case as made by the petition, and were, moreover, subject to the criticism that the court trenched upon the province of the jury in directing them as to the particular means or measures the agents and employees of a railroad company should adopt and the virtues they are bound to exercise towards its passengers under given circumstances. See *Smith* v. *Savannah Ry. Co.,* 84 *Ga.* 698 (4), (11 S. E. 455); *Insurance Co. of North America* v. *Leader,* 121 *Ga.* 260 (6), (48 S. E. 972).

2, The only cause of action alleged being a willful and unjustifiable assault made by the motorman upon the plaintiff, it was error to charge as follows: "The railroad company must furnish safe appliances to its passengers while traveling. It must be in good condition. It must be inspected and looked after and examined with reasonable care. And so they must use ordinary care in the selection of proper officials upon their cars, proper brakemen or motormen and proper conductors, having in view the business they have to perform."

3. The instructions in reference to the ejection of a passenger from a car doubtless had reference to the alleged wrongful attempt of the motorman to throw plaintiff's companion from the moving car, and, so considered, were not subject to the objections made thereto. On the next trial any uncertainty in regard to them can be removed.

*Judgment reversed. All the Justices concur.*

Argued June 17, 1909.—Decided January 13, 1910.

Action for damages. Before Judge Charlton. Chatham superior court. November 14, 1908.

*Osborne & Lawrence,* for plaintiff in error.

*Oliver & Oliver,* contra.