*Peremptory writ awarded.*

---

# CHARLESTON.

### PHILLIPS v. OHIO VALLEY ELECTRIC CO.

### Submitted October 3, 1916.     Decided October 10, 1916.

1. ACTION—*Misjoinder of Cause—Ejection of Passenger.*

    A declaration in case against a carrier for wrongful ejection of a passenger is not subject to demurrer, on the ground of misjoinder of severable causes in one count, where the contract of carriage is alleged as an inducement to the real cause averred. (p. 777).

2. CARRIAGE—*Carriage of Passengers—Ejection—Actions—Evidence.*

    To justify ejection of a passenger by agents of a carrier for intoxication and disorderly conduct, the proof must show with reasonable certainty that the passenger was intoxicated or was guilty of such conduct. Mere general statements will not avail as a justification. (p. 777).

3. JUDGMENT—*Bar to Other Proceedings—Conviction in Criminal Prosecution.*

    An unreversed judgment of conviction for disorderly conduct while a passenger on a railroad does not operate to bar recovery for an unlawful arrest and detention on the same charge. (p. 779).

Error to Circuit Court, Cabell County.

Action by Millard F. Phillips against the Ohio Valley Electric Railway Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Vinson & Thompson* and *Neal & Strickling,* for plaintiff in error.

*Lewis D. Isbell,* for defendant in error.

LYNCH, JUDGE:

Charged with disorderly conduct while a passenger on defendant's railroad from Ashland to Huntington, plaintiff was placed under restraint, ejected, and fined by a justice. To a judgment recovered in trespass on the case for the injury inflicted, defendant obtained this writ.

The first error assigned is the ruling on the demurrer to the declaration. The criticism is that the pleading joins in one count two separate and distinct causes of action, one in tort the other *ex contractu.* The declaration does aver the relation of passenger and carrier, born of the payment and acceptance of fare. But it is clear plaintiff does not rely for recovery on a breach of the contract. He demands compensation for a tortious ejection and the subsequent restraint. It is not unusual, in actions *ex delicto* for expulsion of passengers, to set out the contract of carriage, merely as inducement to raise the relation between the parties, the gist of the action being the expulsion from the car, which, if wrongful, is a breach of contract as well as a violation of a public duty. For the breach and the violation the carrier is chargeable, but not in the same action, as defendant contends. But where the contract is recited as an inducement, and the real grievance averred is the tortious injury inflicted by the unlawful ejection, the declaration is not demurrable as for the misjoinder of causes of action. *Railroad Co.* v. *Ford,* 34 Okla. 575; *Gorman* v. *Southern Pacific Co.,* 97 Cal. 1; *Head* v. *Railroad Co.,* 79 Ga. 358; *Railroad Co.* v. *Graham,* 3 Ind. App. 28. The ruling on the demurrer, then, is not erroneous.

By the second assignment, defendant questions the compe-

tency of the proof to sustain the verdict. It contends that, because of insufficiency, the evidence ought to have been excluded and a verdict directed for defendant on its motion made and overruled. The facts proved show plaintiff paid the fare required for transportation to his destination, and defendant accepted him as a passenger on its line of railroad; that before he reached Huntington he was ejected from the car, incarcerated in jail over night, and convicted by a justice for disorderly conduct while on the car, fined, but not thereafter imprisoned owing to the interposition of friends of the accused, a man nearly seventy years old. Whether plaintiff was intoxicated or disorderly while a passenger is not definitely proved. He admits drinking beer twice that day on different occasions. He does not testify as to his real condition as a result of the use of intoxicants. Nor does any witness say he was drinking, although there is testimony stating he appeared as one who recently had imbibed intoxicating beverages. This proof is not of sufficient probative force to warrant the conclusion that plaintiff's physical condition justified his ejection for that reason.

Nor is the proof more conclusive in favor of a verdict for defendant upon the question of plaintiff's demeanor preceding his summary removal from the car. It does appear he was talking and laughing with other passengers, and perhaps caused more noise and confusion than ordinary refinement would sanction; that he made some remarks, the nature of which are not shown, to some lady passengers, who it is said turned their faces from him on account of the remarks he made. These are the only improprieties really proved in justification of the action of the conductor in causing his removal, except the general and inconclusive statement of the conductor that plaintiff and another passenger named Jones, also ejected, talked loud and were boisterous and disorderly. That, however, was merely a conclusion on his part. In what particulars their conduct was reprehensible he failed to state. Generalities will not suffice as a legal excuse for the ejection of a passenger. To warrant removal, the proof must be reasonably definite and positive. It must be sufficient to convince men of ordinary understanding and refine-

ment that an infraction of the proprieties usually observed in public places resulted from the acts and conduct of the passenger. Not every impropriety, although in some degree objectionable to the supersensitive, will authorize such drastic treatment. But, as all these questions, properly submitted, were passed on by the jury, it can not reasonably be said their finding was contrary to the weight of the testimony.

Again, it is argued that, as the conviction by the justice established the misconduct which caused the deprivation of the right of carriage, plaintiff is precluded from recovering damages therefor in this action. The soundness of that conclusion we do not concede. Indeed, it does not commend itself, and the generally recognized rule is quite to the contrary. In *Anania* v. *Railway Co.*, 77 W. Va. 105, the same defense was relied on and denied, and it was there declared that such judgment did not operate as a bar to a recovery against the carrier in an action for the unlawful arrest and detention. Although in that case no authorities were cited to support the principle applied, it is well sustained in *Railway Co.* v. *O'Quin*, 124 Ga. 357, which holds incompetent as evidence the conviction in a criminal prosecution in exoneration of the carrier when sued for expulsion of the passenger; in *Johnson* v. *Girdwood*, 28 N. Y. S. 151, which in effect holds the conviction conclusive only as between the actual parties, the state and the accused, but not an estoppel between him and strangers to the record. See also *Towle* v. *Blake*, 48 N. H. 92.

Finally, defendant adversely criticises the two instructions given on request of the plaintiff, number one being amended by the court. As amended, it told the jury that if plaintiff as a passenger was ejected by the conductor in charge of the car, or by a constable by order of the conductor, without just cause, the ejection was the act of the defendant. To the application of the instruction to the pleading and proof defendant confines its criticism, and contends that the instruction directed a finding against defendant if the conductor or constable ejected plaintiff without cause, ''whereas the gravamen of the charge in the declaration is false imprisonment''. While not skillfully drawn, the pleading, properly

construed, alleges as cause of action the unlawful ejection and consequential detention. It charges, and the proof tends to show, an unlawful arrest. The instruction apparently was intended to conform with the pleading and proof, and hence is not objectionable by reason of the alleged inconsistency. Nothing is urged in argument against the second instruction, and no substantial objection thereto appears on examination.

Finally, defendant contends that the constable who caused the arrest and detention acted on his own initiative, and in no way as its representative or employee. The conductor secured the presence and services of that official to preserve order on the car, and to him pointed out plaintiff, Jones and others, engaged in the conversation already related; and proof sufficient to sustain the verdict rendered, and not·contradicted, shows the participation of the conductor as the responsible agent of defendant in causing the ejection complained of; and necessarily his act, performed in the course of his employment, if unlawful, as the jury found it to be; is the act of his principal, and it must bear the legitimate consequences thereof.

Finding no error, the judgment is affirmed.

*Affirmed.*