# CHARLESTON.

## S. A. BELL v. JENNIE E. BELL.

### Submitted May 6, 1919.  Decided May 20, 1919.

1. JUDGMENT—*Conclusiveness—Identity of Parties.*

   As a general rule a fact once determined by a court of competent jurisdiction cannot be again contested in the same or any other court, in the same or a different suit, and whether or not the parties be precisely the same; it is sufficient if the same matters or things have been adjudicated in some prior proceeding in which both parties were interested, either as nominal or real parties. (p. 309).

2. SAME—*Plea of Estoppel by Judgment—Sufficiency.*

   If, on the face of a prior judgment pleaded in bar, anything is left uncertain or to conjecture as to the precise fact decided, the plea should be rejected. Such a plea must be certain to every intent, in order to constitute a complete bar and cut off subsequent inquiries. (p. 310).

3. SAME—*Estoppel by Judgment—Requisites.*

   To constitute a complete estoppel by former judgment, the estoppel must be mutual and such as would conclude the party pleading the same if the judgment had been adverse to him. (p. 310).

4. SAME—*Estoppel by Judgment—Effect.*

   Though a judgment pleaded be uncertain as to the fact actually decided and not pleadable in bar, a party may have whatever benefits the judgment entitles him to, in a subsequent suit on the trial of his case on its merits. (p. 311).

Certified Question from Circuit Court, Ritchie County.

Bill for divorce from bed and board and for perpetual separation by S. A. Bell against Jennie E. Bell. Special plea in bar and estoppel was rejected on plaintiff's objection, and the question of its sufficiency was certified pursuant to Code 1913, c. 135, §1 (sec. 4981).

*Affirmed.*

*Adams & Cooper,* for plaintiff.

*S. A. Powell,* for defendant.

MILLER, PRESIDENT:

To plaintiff's bill for divorce from bed and board and for perpetual separation based on defendant's alleged willful desertion and abandonment of him in Ritchie County, where it is alleged they last cohabited, about the middle of October 1916, without any just or reasonable cause, she interposed a special plea in bar and estoppel, which, on objection by plaintiff, was rejected, but the court being in doubt as to the correctness of its ruling on said plea, certified to this court the question of the sufficiency thereof, pursuant to section 1 of chapter 135 of the Code.

The substance of the plea is that plaintiff is estopped to charge desertion and abandonment of him as alleged by the judgments of the Court of Quarter Sessions of Butler County, Pennsylvania, pronounced respectively on December 8, 1916, and July 10, 1917, in a proceeding begun by her as prosecutrix in the name of the Commonwealth of Pennsylvania against the said S. A. Bell, charging him with having deserted her in said Butler County, Pennsylvania, on the 9th day of November, 1916, without reasonable cause, and with neglecting to maintain her, in violation of a statute enacted in 1867, entitled an act ".For the relief of wives and children, deserted by their husbands and fathers, within this Commonowealth," and providing among other things, "That in addition to the remedies now provided by law, if any husband, or father, being within the limits of this Commonwealth, has, or hereafter shall, separate himself from his wife, or from his children, or from wife and children, without reasonable cause, or shall neglect to maintain his wife, or children, it shall be lawful for any alderman, justice of the peace, or magistrate, of this Commonwealth, upon information made before him under oath, or affirmation, by his wife, or children, or either of them, or by any other person, or persons, to issue his warrant to the sheriff, or to any constable, for the arrest of the person against whom the information shall be made, as aforesaid, and bind him over, with one sufficient surety, to appear at the next court of quarter session, there to answer the said charge of desertion;" whereby by the first of said

judgments as authorized by the succeeding section of said act, the defendant was found guilty as charged and adjudged to pay to defendant herein the sum of $5.00. per week, payable monthly from said date until the further order of the court, and to enter into his recognizance in the sum of $500.00 with surety for compliance with said order; and that by the second of said judgments, pronounced on the petition of the defendant therein to have said prior judgment annulled, averring that petitioner up to the time had fully complied with the requirements of said former judgment, was then ready and at all times had been ready and willing to provide a home for the defendant and to receive her therein, and to treat her in all respects as a wife should be treated, and that he was a cripple and unable financially to support her and himself elsewhere, as required by said judgment; and on the answer of respondent to said petition, and the proofs submitted, it was adjudged that the prayer of said petition be refused.

We are of opinion that the judgment of the circuit court rejecting said plea was plainly right. The position of counsel for defendant is that the fact of desertion was the main issue necessarily determined against the plaintiff by the judgment of the court of quarter sessions, and that its judgment of guilty in November, 1916, is conclusive of the fact of desertion and of the question of her alleged desertion of him about the middle of October, 1916, as charged in the bill.

The rule undoubtedly is that a fact once determined by a court of competent jurisdiction between the same parties cannot again be contested in the same or any other court, in the same or in a different cause of action, and that it is not a prerequisite to the application of this rule that precisely the same parties should have been the plaintiff or defendant in the same suit; it is sufficient if the same matters or things have been adjudicated in some prior proceeding in which both parties were interested, either as nominal or real parties. *Hudson* v. *Iguano Land & Mining Co.,* 71 W. Va. 402; *Cromwell* v. *County of Sac,* 94 U. S. 351; 7 Rob. Prac. 344;

*The W. M. & M. Co.* v. *The Virginia Cannel Coal Co.,* 10 W. Va. 250; *McCoy v. McCoy,* 29 W. Va. 794.

Counsel for the plaintiff reply that the proceedings in Pennsylvania were criminal if under the act of 1903, also averred in the plea, or quasi criminal if solely under the act of 1867, and that the rule here invoked is inapplicable, citing for the proposition among other cases, *Phillips* v. *Ohio Valley Electric Co.,* 78 W. Va. 776. But the proceeding was manifestly under the act of 1867, and not under the later act. But we need not go into this question. In our view of the plea, it is not good as a plea in bar or in estoppel, for want of certainty to every intent required of such pleas. To constitute a complete estoppel and cut off all other inquiries, the fact decided must be certain to every intent, and if on the face of the record anything is left to conjecture as to what was necessarily involved and decided, it constitutes no estoppel when pleaded, and is not conclusive when offered in evidence. *Chrisman* v. *Harman,* 29 Gratt. 494; *Russell* v. *Place,* 94 U. S. 606; *South Side Railroad Co.* v. *Daniel,* 20 Gratt. 344; *Hudson* v. *Iguano Land & Mining Co., supra.* To operate as an estoppel the precise fact must have been determined by the former judgment. *DeSollar* v. *Hanscome,* 158 U. S. 216.

Looking to the statute of Pennsylvania and the record of the proceedings vouched for the plea, we observe that the purpose of the act is to provide against non-support of wives and children by husbands and fathers. Desertion as constituting ground for divorce is not the subject matter or purpose of the act. Under the act, if a husband or father separate himself from wife or children without reasonable cause, or neglects to maintain them, he may be summoned to answer the charge of *desertion.* According to the act, he may be rendered guilty of the desertion defined by the act if he refuses to maintain his wife and children, although he has not left the home or been guilty of such an act of desertion as would constitute good ground for divorce. Does the judgment of guilty as charged under the act necessarily conclude plaintiff on the fact of desertion involved here, namely, whether in October, 1916, his wife left him in Ritchie County,

where they last cohabited, and thereby wilfully deserted and abandoned him? We think not. To work an estoppel the general rule is that the estoppel must be mutual. No one can claim the benefit of a judgment as an estopped upon his adversary unless he would be concluded by a contrary decision. *Stockton* v. *Copeland,* 30 W. Va. 674; *Buford* v. *Adair,* 43 W. Va. 211; 6 Enc. Dig. Va. & W. Va. Rep. 288. For aught that appears from the record plaintiff may have been guilty only of non-support, and not of desertion warranting divorce. If the judgment of the Pennsylvania court had been against the defendant here, would it conclude and estop her on the fact of desertion in the present suit? Clearly not.

It is argued, however, that to ascertain what points or facts were determined by the judgment in Pennsylvania, resort may be had not only to the record, but to the opinion of the court, and sometimes to parol testimony; citing Freeman on Judgments, §§ 272, 275, quoted in *Bodkin* v. *Arnold,* 45 W. Va. 90, at page 99. We see no ground for resorting to extrinsic evidence in the case. As we have already observed the material fact involved in the proceedings in Pennsylvania was the fact of non-support, which if proven constituted desertion within the meaning of the act, and called for the judgment for such support actually entered.

The rejection of the plea will not deprive the defendant of any benefits to which she may be entitled by that adjudication. She may avail herself thereof by answer. 1 Hogg's Eq. Pro. 464, §392; Idem, 460, §388 and cases cited. While if the plaintiff should be required to join issue on the plea, he would be deprived of the right to go outside of the record to establish the fact of desertion constituting the good ground of divorce alleged in his bill.

The full faith and credit clause of the Federal Constitution is invoked. How then has the statute been construed by the courts of Pennsylvania? We have not been referred by counsel for defendant to any decisions of that state holding judgments in such non-support cases conclusive when pleaded in suits for divorce on the fact of desertion. Counsel for

plaintiff do cite us to *Barrall* v. *Barrall*, 6 Kulp, 318; *Commonwealth* v. *Jones*, 9 C. C. 145; and *Schotte* v. *Schotte*, 8 W. N. C. 236, not available to us nor to them, but quoted in Brightly's Pennsylvania Digest, holding that judgments of the quarter sessions in non-support proceedings under statutes then in force and bonds given by defendant thereunder are not conclusive in subsequent suits for divorce on the fact of desertion. But one case, *Vanleer* v. *Vanleer*, 13 Pa. St. 211, decided in 1850, under the act of 1812, which might be regarded as holding the contrary rule, is referred to. But when examined closely, it is not opposed to the other cases, for the decision was predicated on the ground that the giving of the bond amounted to evidence on the part of a husband that his wife, might live separate and apart from him, whereby he was deprived of the right to divorce on the ground of her alleged willful desertion of him.

Our conclusion is to affirm the judgment of the circuit court rejecting the plea.                              *Affirmed.*