This is a petition for divorce brought by a husband against his wife. The grounds alleged are extreme cruelty and desertion for a period of more than five years. The case is before us on the petitioner's exception to the decision of the trial justice denying and dismissing the petition.
The citation to give notice of the petition and also a citation giving notice that depositions would be taken before a specified master in chancery were duly served on the respondent by a disinterested person at Blackburn, England. Before the taking of depositions said master received a letter from the respondent's solicitors in England stating in substance that in January, 1922, an order was entered in criminal proceedings in England directing the petitioner to pay to his wife 12 shillings and sixpence a week for the support of herself and a minor child of the parties; that the order *Page 293 
was entered on a complaint alleging desertion, extreme cruelty and neglect to maintain; that he complied with the order only until the end of the following June and that a sum of 175 pounds was due her under said order. Said master, at the time specified in said citation, took the depositions of the petitioner and three witnesses in his behalf. In compliance with a request from the petitioner's counsel, the letter from said solicitors and a copy of a letter from the master to said solicitors in reply, advising them to secure counsel here if they desired to contest the petition, were annexed to the depositions. There was no entry of appearance for the respondent and the cause was heard as an uncontested petition.
At the hearing the depositions were read and the petitioner gave oral testimony, The petition was denied and dismissed by the justice who heard the same not because the petitioner had failed to prove his allegations of extreme cruelty and desertion but on the ground that "it would seem that the petitioner does not come into court with clean hands." The rescript embodying the decision of said justice contains the following: "Among the papers in the case appeared a communication from a firm of solicitors in Blackburn, England, where service was made upon the respondent. The solicitors upon service of the subpoena wrote to the master in chancery who took the depositions, stating that the respondent, Mrs. Rostron, had obtained an order against her husband before the Justices of the County for the maintenance of herself and minor child, wherein he was ordered to pay to his wife 12 shillings sixpence a week for their maintenance, and that the ground upon which the order was given was that he had been guilty of persistent cruelty to his wife, had wilfully neglected to maintain her and had forced her to leave him; that he had paid under this order from January, 1922, until the end of June of that year and at the present time was owing the respondent a sum exceeding 175 pounds. They also stated that Mrs. Rostron, the respondent, is unable to make the *Page 294 
journey to America, not being sufficiently well and having no means. . . . Mr. Rostron admits the entering of this order and his failure to pay the allowance under it. It would seem to follow that the order was entered for good and sufficient reasons and under charges that he did not choose to fight or disclaim; that he left his wife penniless in England with a minor child and came to this country to escape the effect of the order of the English Court. Under these circumstances, it would seem that the petitioner does not come into court with clean hands and the petition is denied and dismissed."
The statements in the rescript that: "It would seem to follow that the order was entered for good and sufficient reasons and under charges that he did not choose to fight or disclaim; that he left his wife penniless in England with a minor child and came to this country to escape the effect of the order of the English Court" is in no respect supported by any admissible evidence. The letter from the respondent's solicitors was inadmissible. Counsel for petitioner, insisting that the letter was inadmissible, called him to testify relative to the truth of the statements therein contained. By his testimony, which was uncontradicted and contained no inherent improbabilities or indications of error or falsity, and must therefore be taken as true, the following facts were established: The parties were married June 1, 1911. About one year thereafter a son was born. Thereafter the respondent refused, except for a short period in 1920, to cohabit with petitioner for no reason other than that she did not wish to bear any more children. From about 1913 to 1920 the petitioner was a sailor in the Australian Navy. During that period his wages were sent to his wife. After he had been in said navy for five years, covering a part of the period of the Great War, he obtained his first furlough which was for one month. He went home to his wife who not only refused to cohabit but refused to permit him to live with her. When he received his discharge in 1920 he returned to the respondent who then *Page 295 
consented to resume marital relations. At the end of four months the respondent again insisted upon discontinuing marital relations and thereafter the parties, owing to her refusal, never resumed the normal relations of husband and wife. The respondent occupied a room separate from that of her husband for a period of about a year and a half until January 1, 1922, on which date the respondent deserted the petitioner and ten days thereafter procured his arrest on a charge of desertion, cruelty and neglect to maintain. The wife, evidently knowing that she could not prove the charges which she had preferred, refused to press her complaint. Nevertheless, the husband agreed to contribute weekly for the support of the child the sum of 12 shillings, sixpence and, by consent, the magistrate entered an order directing him to make such payments. All charges except desertion were stricken from the complaint. The petitioner made payments in accordance with the order for a period of four months and then came to the United States. He made no payments after leaving England.
The wife was not left penniless. In 1920, when marital relations were resumed, the petitioner from his own funds established her in a dry goods business and since the time, she deserted him she has supported herself by conducting the dry goods store. On leaving England he gave her the household outfit which was used by the parties when she deserted him.
The petitioner frankly admitted that by a judgment entered against him by consent he had been adjudged guilty of deserting his wife but the question then involved is not res judicata in these proceedings. A judgment in a criminal case is not conclusive of any fact (except that it was entered) when pleaded or proved in an action for divorce. If the facts which are the basis of such judgment are material in a divorce case, such facts must be proved as any other fact, and proof of the judgment does not even raise a presumption in favor of the facts therein adjudicated. 34 C.J. 970. See also Bell v. Bell, 84 W. Va. 307, 99 S.E. 450. *Page 296 
The evidence shows that the respondent, after years of unnatural conduct, deserted the petitioner without justifiable cause; that he was desirous of continuing the home and that she without justifiable cause refused to live with him; that he provided a suitable home and reasonable support for her and that his conduct was proper. In such circumstances there was no duty on his part to support her elsewhere. 30 C.J. 518, 519. When the petition was filed the desertion had continued for more than five years. It is evident that the respondent had no intention of performing her duties as a wife. In compliance with our order her solicitors were given ample notice of the date fixed for the hearing of the bill of exceptions and the notice was ignored. From the uncontradicted evidence it clearly appears that the petitioner is entitled to a decree divorcing him from the respondent. The petitioner's exception is sustained.
The clerk will give notice to the respondent by registered mail addressed in care of her solicitors, Henry Backhouse Son, 29 Victoria street, St. John's Place, Blackburn, England, that she may, if she shall see fit, appear before us on July 2, 1928, at 9 o'clock, a.m., Eastern Standard time, and show cause, if any she has, why the cause should not be remitted to the Superior Court with direction to enter a decision granting the petition on the grounds of desertion.