26111, 26112.   POLLARD *v.* HARBIN.

DECIDED JULY 9, 1937.

*M. G. Hicks, A. L. Henson, Philip N. Jobson,* for plaintiff in error.

*William B. Hartsfield, James J. Slaton,* contra.

STEPHENS, P. J. 1. A petition contained sufficient allegations of negligence proximately causing an injury to the plaintiff, wherein it was alleged that the defendant, through his authorized agent acting within the scope of his authority in the operation of the defendant's automobile, operated it along a public highway at a rate of speed in excess of forty miles an hour; that by reason of an obstruction of the view of traffic approaching from the right along the intersecting street the driver of the defendant's automobile could not observe approaching traffic from such direction until the automobile had actually entered the intersecting street; that the defendant, in so operating the automobile, violated a valid subsisting city ordinance which declared that a person operating a vehicle along a highway carelessly and heedlessly and in disregard of the rights or safety of others, or without due care and circumspection, and at a speed or in a manner endangering or likely to endanger another person or property, should be held guilty of reckless driving; that the defendant's automobile entered the intersecting street after the automobile operated by the plaintiff, approaching from the defendant's right along the intersecting street, had reached a point beyond the center of the intersection of the streets, and the defendant failed to yield the right of way to the automobile of the plaintiff, in violation of a valid subsisting city ordinance providing that the operator of a vehicle approaching an intersecting street should yield the right of way to a vehicle just entering the intersection; that the driver of the defendant's automobile failed to sound a horn; that the defendant's automobile crashed into the rear left end of the plaintiff's automobile, injuring the plaintiff's wife who was in his automobile, and causing damage to his automobile in the manner particularly described; that the plaintiff was operating his automobile at a lawful rate of speed; and that without warning to him or notice of any kind his automobile was run into by the automobile of the defendant. The petition set out a cause of action as against general demurrer.

2. Another petition which contained the same allegations of negligence against the same defendant, in which the plaintiff's wife sued to recover damages for personal injuries alleged to have

174

been received by her while riding in the husband's automobile, as a result of the conduct of the defendant in operating his automobile as alleged, and in which the injuries to the wife are specifically set out, set out a cause of action as against general demurrer.

3. A judgment of conviction, in a criminal prosecution, of the authorized agent of a defendant in a civil action for damages based on alleged negligence of the defendant through the agent in the operation of the defendant's automobile, constitutes no basis of a right of action based on the same act or transaction, and is not relevant or admissible as evidence in the civil suit to prove the alleged act of negligence. *Collingham* v. *Weeks,* 54 *Ga.* 275; *Tumlin* v. *Parrott,* 82 *Ga.* 732 (2), 735 (9 S. E. 718); *Seaboard Air-Line Railway* v. *O'Quin,* 124 *Ga.* 357 (52 S. E. 427, 2 L. R. A. (N. S.) 472); *Powell* v. *Wiley,* 125 *Ga.* 823 (54 S. E. 732); 24 Am. & Eng. Enc. L. (2d ed.) 831. This ruling is based on the decisions of the Supreme Court, and anything in the decisions of the Court of Appeals to the contrary must yield thereto. See *Hardeman* v. *Georgia Power Co.,* 42 *Ga. App.* 435 (156 S. E. 642); *Douglas* v. *Central of Georgia Ry. Co.,* 48 *Ga. App.* 427 (172 S. E. 828); *Curtis* v. *Macon Ry. & Lt. Co.,* 18 *Ga. App.* 145 (88 S. E. 997). In a petition in a suit for damages for personal injuries alleged to have been caused by the negligent operation of the defendant's automobile, through the defendant's driver as his agent or servant in operating the automobile at an illegal and reckless rate of speed, an allegation that the defendant's driver had afterwards been convicted of the offense of reckless driving on account of the act alleged to have caused the damage complained of, and had been convicted of leaving the scene of the accident, should have been stricken on demurrer.

4. Each petition set out a cause of action as against general demurrer. Under the ruling contained in paragraph 3 above, the allegations indicated were subject to special demurrer. The court did not err in overruling the general demurrers, but did err, as indicated, in overruling the special demurrers.

*Judgment in each case reversed. Sutton and Felton, JJ., concur.*