31334. - SIKES *v.* FOSTER, Sheriff, *et al.*

DECIDED SEPTEMBER 12, 1946. REHEARING DENIED OCTOBER 3, 1946.

*A. E. Wilson,* for plaintiff.

*W. S. Northcutt, Smith, Partridge, Field & Doremus,* for defendants.

PARKER, J. (After stating the foregoing facts.) The action was based on an alleged conspiracy formed and entered into by the defendants. "A conspiracy upon which a civil action for damages may be founded is a combination between two or more persons either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Vandhitch* v. *Alverson,* 52 *Ga. App.* 308, 310 (183 S. E. 105). The ruling quoted above followed previous similar rulings by this court in *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551), and in *Martha Mills* v. *Moseley,* 50 *Ga. App.* 536, 538 (179 S. E. 159). The rule stated was applied more recently in *Drummond* v. *McKinley,* 65 *Ga. App.* 145, 152 (15 S. E. 2d, 535). It will thus be seen that a conspiracy alone does not make a cause of action. It must be a conspiracy to do some act which is a tort, or to do some legal act in a way that amounts to a tort. The courts of this State, as was pointed out in *Vandhitch* v. *Alverson,* supra, have adhered to the principle that the conspiracy must embrace the commission of a tort, or the employment of methods amounting to a tort. The doctrine that the nature of the means employed in carrying out the conspiracy may include acts which are merely immoral or oppressive, and not necessarily illegal and tortious, as applied in some jurisdictions, is not the law in effect in this State.

The question in this case boils down to whether or not the conduct of the defendants amounted to the commission of a tort against the plaintiff. "A tort is the unlawful violation of a private

legal right, other than a mere breach of contract, express or implied; or it may be the violation of a public duty, by reason of which some special damage accrues to the individual." Code, § 105-101. "When the law requires one to do an act for the benefit of another, or to forebear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the injured party may recover." Code, § 105-103. "A tortious act consists of the commission or omission of an act by one without right, whereby another receives some injury, directly or indirectly, in person, property, or reputation." *Western Union Telegraph Co.* v. *Ford,* 8 *Ga. App.* 514, 518 (70 S. E. 65). "Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." Code, § 105-301. In a case somewhat analogous to the instant case, wherein the basis of the action was the unauthorized publication of the plaintiff's picture in a newspaper, it was held that a person has the right of privacy as embraced within the absolute rights of personal security and personal liberty, and these rights include the right "to be let alone." *Pavesich* v. *New England Life Ins. Co.,* 122 *Ga.* 190 (50 S. E. 68, 69 L. R. A. 101, 106 Am. St. R. 104, 2 Ann. Cas. 561). See also *Goodyear Tire & Rubber Co.* v. *Vandergriff,* 52 *Ga. App.* 662 (184 S. E. 452).

We think that the conduct of the defendants as alleged in this case amounted to an unlawful trespass upon the time of the plaintiff, and that it was tortious conduct within the meaning of the law. A conspiracy on the part of the defendants to commit an act which was a tort, or to do several acts lawful within themselves in a way which amounted to a tort, was alleged in the petition. While no special damages in a stated amount for loss of time are prayed for, it does appear that the plaintiff spent the greater part of the afternoon showing the defendants over the property, and went to the property again the following day, and there was no special demurrer to these allegations. "If the petition sets forth the wrong measure of damages, this may be reached by a proper special demurrer; but the wrong measure of damages does not subject the petition to a general demurrer." *Elwell* v. *Atlanta Gas-Light Co.,* 51 *Ga. App.* 919 (6) (181 S. E. 599). "A petition will not be dismissed as a whole, if it sets out a cause of action for any of the relief prayed." *Bazemore* v. *Savannah Hospital,* 171 *Ga.* 257 (155

S. E. 194). As against the general demurrer, and in the absence of a special demurrer challenging the sufficiency of the allegations as to the plaintiff's loss of time, we think that the petition set out a cause of action for whatever damage may have been sustained for the actual time lost by the plaintiff in the transaction with the defendants. The plaintiff sued for punitive damages also. If there were aggravating circumstances, either in the actions or the intentions of the defendants, the jury may give additional damages, called punitive, under the Code, § 105-2002. If aggravating circumstances are proved, this character of damage may be given even where the actual injury is small. It is a question for the jury to determine when such additional damages should be allowed, as well as the amount of such damages. *Batson* v. *Higginbothem,* 7 *Ga. App.* 835, 839 (68 S. E. 455).

Our view is that the demurrer was properly sustained as to the alleged general damages of $25,000, and the special damages of $1050, claimed as commissions which would have been received on a sale of the property; but we think that, as to the plaintiff's loss of time and the alleged punitive damages, the petition was good as against the general demurrer. It follows that the court erred in sustaining the demurrer and in dismissing the action.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*