### 37864. CRAWFORD *v.* SUMERAU *et al.*

CARLISLE, Judge. 1. A demurrer which attacks a petition or a part thereof on the ground that it does not set forth a proper measure of damages is a special demurrer. This question cannot be reached by a mere general demurrer. *Sikes* v. *Foster,* 74 *Ga. App.* 350, 355 (39 S. E. 2d 585); *Daniell* v. *McGuire,* 87 *Ga. App.* 491 (2) (74 S. E. 2d 378). A special demurrer being a critic must itself be free from imperfection and must, as it were, lay its finger on the very point. *Douglas, Augusta &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600); *Alford* v. *Davis,* 21 *Ga. App.* 820 (4a) (95 S. E. 313). Accordingly, a special demurrer attacking the allegations of a petition which seeks a recovery for a breach of warranty of title of an automobile, which demurrer merely alleges that the measure of damages set forth in an amendment to the petition is not the proper measure of damages but that the measure of damages set forth in the original petition is the proper measure of damages without showing how or wherein one is proper and the other not proper is not a sufficient special demurrer to raise the question as to the right of plaintiff to recover on the amount of damages set forth in the amendment. Accordingly, the trial court did not err in overruling the renewed demurrer of the defendant to the petition as amended, which judgment is one of the errors assigned in the bill of exceptions before this court.

2. Where, in an action for breach of warranty of title to an automobile, the plaintiff alleged that the subject automobile which he had purchased from the defendant was a stolen automobile, it was error to admit over timely objection, as complained of in the bill of exceptions, evidence that a third party had been convicted in the United States District Court of Georgia of transporting across State lines a stolen motor vehicle of the same description as that involved in the suit to prove that the

automobile in question was a stolen automobile. " 'The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.' 31 A. L. R. 261, 262." _Padgett v. Williams, 82 Ga. App. 509, 513 (61 S. E. 2d 676), citing, also, many other authorities; and, see Seaboard Airline Ry. v. O'Quin, 124 Ga. 357, 360 (3) (52 S. E. 427, 2 L. R. A. (NS) 472); Powell v. Wiley, 125 Ga. 823 (1) (54 S. E. 732), and Pollard v. Harbin, 56 Ga. App. 172, 174 (192 S. E. 234).

3. The only other assignment of error contained in the bill of exceptions and insisted upon relates to the direction of the verdict in favor of the plaintiff. Since the admission of the evidence, as referred to in the preceding headnote, will require a reversal of the case and the retrial thereof, and since the evidence on another trial may not be the same, it is sufficient to say that the evidence did not demand the verdict directed, certainly in the absence of some other evidence tending to prove that the automobile in question was in fact stolen. There was no evidence as to the identity of the person shown to have been convicted with that of the person who allegedly sold the defendant the automobile. There was no evidence other than pure hearsay that the automobile had been repossessed by anyone, or, if so, by what authority, or as to the identity of the true owner. There was no proof of an express warranty on which the plaintiff could rely, and under the evidence, there was considerable doubt that the plaintiff had acquired the automobile from the defendant under such circumstances as to have authorized his reliance on any implied warranty of title by the defendant. These questions should have been passed on by the jury. Davis v. Kirkland, 1 Ga. App. 5 (58 S. E. 209).

Judgment reversed. Gardner, P. J., and Townsend, J., concur.

DECIDED OCTOBER 22, 1959.

Cornelius B. Thurmond, Jr., Sanders, Thurmond & Hester, for plaintiff in error.

Claud R. Caldwell, Samuel E. Tyson, contra.