## White *vs.* Crane *et al.*

The admission by defendant in his testimony, that he bought of plaintiffs the articles set forth in the account sued on, the price being attached to each article, establishes *prima facie* the correctness of the account. If the amount sued for is too large by reason of payments made, the burden of proving the same is on the defendant.

Evidence. Contracts. *Onus probandi.* Before Judge

BARTLETT.    Pike Superior Court.    April Adjourned Term, 1878.

Crane *et al.* sued White on an open account.    The jury found for defendant.    Plaintiffs moved for a new trial on the following, among other grounds :

1. Because the verdict was contrary to law and the evidence.

2. Because the court refused to charge, that "if the evidence on the part of the plaintiffs showed that the defendant bought and received the goods, and has not paid for them, then the burden is upon defendant to show what amount he has paid, if any, before he is entitled to a credit."

The motion was granted, and defendant excepted.

For the other facts, see the decision.

HUNT & TAYLOR, for plaintiff in error.

No appearance for defendants.

WARNER, Chief Justice.

The plaintiffs sued the defendant on an account for $216.15, and, on the trial of the case, the jury found a verdict for the defendant.    The plaintiffs made a motion for a new trial on the grounds therein stated, which was granted, and the defendant excepted.

The plaintiffs introduced the defendant as a witness to prove their account, who stated that he bought of the plaintiffs the articles of the account sued on ; that he had a running account with them for years ; that he still owed them, but did not know what amount ; had made payments on the running account at divers times, but did not know what amounts ; did not think he owed them as much as the account sued on.    The price of the articles contained in the account was affixed to each item, and when the defendant admitted that he bought of the plaintiffs the articles of the account sued on, of which the price of the articles was a part

thereof, he must be understood as admitting that the account as it stood was correct, at least in the absence of any statement from him to the contrary. If he had paid any part of the account, that was a matter of defense for him to have shown.

In view of the evidence contained in the record, we will not interfere with the discretion of the court in granting a new trial.

Let the judgment of the court below be affirmed.