### 9204. WILLIAM HESTER MARBLE COMPANY *v.* WALTON.

LUKE, J. 1. A negotiable promissory note given in whole or in part upon an agreement, express or implied, to settle or prevent a criminal prosecution is void, unless the case falls within some express statute authorizing settlement. Civil Code (1910), §§ 4247, 4251; *Small* v. *Williams,* 87 *Ga.* 681 (5), 685 (13 S. E. 589).

2. If the consideration for the notes sued on was the suppression of a criminal prosecution, it is immaterial whether the suit is brought by a bona fide holder or not. Civil Code (1910), § 4286; *Jones* v. *Dannenberg Co.,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271).

3. Where a note was executed by one as principal and by another as surety, and the consideration therefor was illegal and immoral, but this fact was unknown to the surety at the time of the execution and delivery of the note, the surety may nevertheless defend a suit thereon by showing that the note was in fact executed by the principal for such a consideration. Civil Code (1910), §§ 3538, 3539; *Patterson* v. *Gibson,* 81 *Ga.* 802 (10 S. E. 9, 12 Am. St. R. 356).

4. Generally, proof of an explicit voluntary admission by a person of a fact adverse to his own interest is, in any civil proceeding against him, prima facie evidence of the existence of that fact; and, unless explained or denied by other evidence, such admission may, of itself, authorize a jury to find accordingly. Civil Code (1910), §§ 5776, 5778 (2); *Burch* v. *Harrell,* 93 *Ga.* 719 (20 S. E. 212); *Luther* v. *Clay,* 100 *Ga.* 236 (3), 243 (28 S. E. 46, 39 L. R. A. 95); *Ga. R. Co.* v. *Fitzgerald,* 108 *Ga.* 507 (34 S. E. 316, 49 L. R. A. 175); *Chicago Portrait Co.* v.

28

*O'Neal,* 6 *Ga. App.* 425 (65 S. E. 161); *Raleigh &c. R. Co.* v. *Allen,* 106 *Ga.* 572 (32 S. E. 622).

5. An admission made through an agent, during the existence and in. pursuance of his power, is no less evidence against the principal than if made by the principal in person. Civil Code (1910), §§ 3571, 5779. Furthermore, if the admission accompany the agent's act, or is so nearly connected therewith in time as to be free from all suspicion of device or afterthought, it is admissible in evidence as part of the res gestæ. Civil Code (1910), § 5766; *Rome Ins. Co.* v. *Thomas,* 11 *Ga. App.* 539 (75 S. E. 894); *Weiner Bros. Co.* v. *Tucker,* 139 *Ga.* 596 (77 S. E. 811).

6. Where an agent, in transacting business for his principal, takes a note payable to himself instead of to his principal, and thereafter indorses and delivers it to his principal, the latter stands upon no better footing for any purpose than if named in the note as payee.

7. The trial court having erroneously excluded evidence offered by the defendant Walton to show that the payee of the note was the plaintiff's agent, took the note in the plaintiff's business, and, on the occasion of obtaining Walton's signature thereto as surety for Shirley, stated to Walton that the note was being given and received to prevent the plaintiff from prosecuting Shirley for larceny after trust of the plaintiff's money, and having also excluded evidence offered to show that, immediately upon such admission being made, Walton stated to the payee that with such knowledge he would not have signed the note and would not be bound by his signature in any event, it was, on defendant's motion complaining of such rulings, proper to grant a new trial, notwithstanding the evidence which the court permitted to go to the jury demanded the verdict returned in favor of the plaintiff.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED JUNE 12, 1918.

Complaint; from city court of Blakely—Judge Sheffield. August 20, 1917.

*Glessner & Collins,* for plaintiff.    *B. W. Fortson,* for defendant.