15715.   SCOTT *v.* KELLY-SPRINGFIELD TIRE CO.

BELL, J. 1. "Generally, proof of an explicit voluntary admission by a person of a fact adverse to his own interest is, in any civil proceeding against him, prima facie evidence of the existence of that fact; and, unless explained or denied, such admission may, of itself, authorize a jury to find accordingly." *William Hester Marble Co.* v. *Walton,* 22 *Ga. App.* 433 (4) (96 S. E. 269).

2. Where, in the trial of an action upon an open account, the evidence warrants the inference that on a demand for payment the defendant had given to the plaintiff a check for the amount of the indebtedness claimed, but that the check was thereafter protested and never paid, if these circumstances are unexplained the jury would be authorized to conclude that the giving of the check was an admission of the justness and correctness of the account, and to render a verdict accordingly. *White* v. *Crane,* 62 *Ga.* 399; *Burch* v. *Harrell,* 93 *Ga.* 719 (20 S. E. 212); *Bunn* v. *Atlantic Coast Line R. Co.,* 18 *Ga. App.* 66 (2) (88 S. E. 798); *Hill* v. *Armour Fertilizer Works,* 21 *Ga. App.* 45 (5) (93 S. E. 511).

3. Under the rulings in the two preceding paragraphs, the verdict found for the plaintiff in this case was authorized, irrespective of the probative value of any other evidence, and the court did not err in overruling the general grounds of the motion for a new trial.

4. "The declarations of an alleged agent, though made dum fervet opus, are not admissible to prove his agency." *Franklin County Lumber Co.* v. *Grady County,* 133 *Ga.* 557 (1) (66 S. E. 264). "Before one can be bound by the acts of another who assumes to represent him, due proof of the agency must be made; and before one will be estopped by the

act of an agent, it must be affirmatively shown that the agent was acting within the scope of his authority." *Decatur County* v. *Curry*, 154 *Ga.* 378 (5) (114 S. E. 341).

5. "The fact of agency may be established by the direct testimony of the one who has assumed to act as agent (*Friese* v. *Simpson*, 15 *Ga. App.* 786 (4), 84 S. E. 219); and while the previous declarations of an alleged agent are not by themselves admissible to prove agency (*Harris Loan Co.* v. *Elliott Typewriter Co.*, 110 *Ga.* 302 (1), 34 S. E. 1003; *Americus Oil Co.* v. *Gurr*, 114 *Ga.* 624 (1), 40 S. E. 780), after any such direct testimony has been admitted, or the fact of agency has been clearly indicated by proof of circumstances, apparent relations, and the conduct of the parties (*Cable Co.* v. *Walker*, 127 *Ga.* 65 (1), 56 S. E. 108), the declarations of the alleged agent, though inadmissible if standing alone, become admissible as a part of the res gestæ of the transaction, and as such may be considered in establishing the fact of agency." *Render* v. *Hill*, 30 *Ga. App.* 239 (1) (117 S. E. 258).

6. Agency is a fact, and the testimony of a witness that a certain person was the defendant's "duly authorized representative" was not subject to the objection that it was a statement of a mere conclusion. Whether the statement was well founded was a matter for cross-examination, or for determination by other facts in evidence, either from the witness or other testimony. *Sankey* v. *Columbus Iron Works*, 44 *Ga.* 228 (3); *Shaw* v. *Jones*, 133 *Ga.* 446 (3) (66 S. E. 240). Where, however, such testimony has been given, and it thereafter appears that the witness has answered without any personal knowledge of the fact about which he has testified, his testimony should be disregarded. *Reaves* v. *Columbus Electric & Power Co.*, 32 *Ga. App.* 140 (5) (122 S. E. 824); *Bull* v. *Carpenter*, 32 *Ga. App.* 637 (4, 5) (124 S. E. 381).

7. Where, in order to prove liability of the defendant for a part of the goods charged to him, the plaintiff sought to show a delivery thereof by a receipt purporting to have been signed by one as the defendant's agent, and on cross-examination the witness who had testified as indicated in the preceding paragraph further testified that he "could not swear" that such alleged agent, to whom he had referred in his previous testimony, "was representing" the defendant, and did not mean to say that he knew that such person "had any authority to sign the delivery receipts," that he did not know what became of the merchandise after the plaintiff's truck left with it, "except that we got our signatures," that he was not present when the goods "were signed for," but that he knew the signatures to be genuine and had known of the (mere) presence in the defendant's place of business of the person who had signed the same, and where there was no other evidence whatsoever touching the question of the authority of such person to sign the receipts, they were not shown to have been executed by the defendant's agent and for that reason were inadmissible in evidence, over appropriate objection. Otherwise as to receipts for another part of the goods, shown to have been signed by a different person, purporting to act as the defendant's agent, namely, "Raines," or "R. Raines," it appearing by the evidence that the defendant had admitted that "a man by the name of Raines" had charge of his business.

8. The court erred also in admitting, over objection, the testimony of a

witness that a certain writing—one of those first referred to in the pre-ceding paragraph—was a ticket "covering" certain goods "delivered" to the defendant, when the witness himself did not know of such delivery, and there was no other competent evidence thereof. Furthermore, the writing itself was the highest and best evidence of its contents.

9. It was error to admit the testimony of a witness introduced by the plaintiff, that he had copied from the plaintiff's ledgers a list of the items of merchandise charged in the account, and had found corre-sponding merchandise in the defendant's place of business. The de-fendant's purchase of these goods from the plaintiff could not be established by such reference, without more, to the plaintiff's books. The evidence was subject to the objection that it was without probative value. Civil Code (1910), § 5769; *Creamer* v. *Shannon*, 17 *Ga*. 65 (63 Am. Dec. 226); *Jenkins* v. *National Mutual Asso.*, 111 *Ga*. 732 (3) (36 S. E. 826); *Southern Loan Asso.* v. *Butler*, 111 *Ga*. 826 (1) (35 S. E. 679); *Case Threshing Machine Co.* v. *Binns*, 23 *Ga. App.* 46 (1) (97 S. E. 443).

10. If a party desires instructions to the jury touching admissions made in the other party's pleadings, he should present a proper request therefor. *Georgia &c. Ry. Co.* v. *Lasseter*, 122 *Ga*. 679 (2) (51 S. E. 15).    *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 17, 1924.

Complaint; from city court of Decatur—Judge Daley.    April 29, 1924.

*Albert Kemper,* for plaintiff in error.