20812. McDUFFIE v. CHILDS.

Decided March 31, 1931.

*George G. Finch, F. L. Breen,* for plaintiff in error.
*Colquitt, Parker, Troutman & Arkwright, George & John L. Westmoreland,* contra.

BLOODWORTH, J. The petition of Mrs. Margaret C. Childs alleges in part that on November 19, 1928, about 6:30 o'clock p. m., her husband W. W. Childs was the guest of the defendant H. F. McDuffie, in the latter's automobile traveling on the Conyers-Atlanta highway; that when about 1-1/4 miles north of Conyers, while traveling at a rate of speed in excess of fifty miles an hour and with the car entirely beyond his control, and while it was dark, and "while driving said car at such an excessive and unlawful rate of speed, the defendant met a buggy, where he jammed on his brakes, jerked the steering wheel, and caused said car to turn completely over twice in said highway, and your petitioner's husband was instantly killed; said highway at that point was a public highway of the State of Georgia, and frequently traveled by vehicles and automobiles, all of which was well known to the defendant. Petitioner shows that the conduct of the defendant was wilfully, wantonly, grossly, and criminally negligent, in that he ran said car past vehicles and around curves on said road at an unlawful rate of speed, namely, fifty miles per hour, and that he failed to keep his said car under immediate control as required by law, and he knew, or in the exercise of prescribed care should have known, that said car could not be driven on a dark night over such a public highway at such a rate of speed, without inevitably endangering the life of petitioner's husband. Petitioner shows that such reckless, wanton, gross, and criminal negligence on the part of the defendant was the direct and proximate cause of the death of petitioner's husband." Defendant filed a plea denying negligence and denying that he was in any way responsible for the death of the husband

of plaintiff. On the trial of the case the defendant made an oral motion to dismiss plaintiff's petition, on the ground that no cause of action was set forth, and on the ground that the facts alleged did not constitute gross negligence. This motion was overruled and the defendant filed exceptions pendente lite. The jury returned a verdict for the plaintiff, and when a motion for new trial was overruled, defendant excepted. It is held:

■ The petition sets out a cause of action, and the court properly overruled the motion to dismiss it. *Hall* v. *Slaton,* 40 *Ga. App.* 288 (149 S. E. 306), and cit.

■ The evidence is ample to support the verdict, which is approved by the trial judge, and no error was committed when the motion for a new trial (based upon the general grounds only) was overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*