SLATON *v.* HALL, administrator.

No. 7973.   APRIL 15, 1931.   REHEARING DENIED MAY 15, 1931.

678

*Wright & Covington,* for plaintiff in error.

*Porter & Mebane,* contra.

HINES, J. ■ The standard of determining the liability of the defendant for the homicide of the intestate, as fixed by this court

when this case was here before, is the causation of the homicide by the gross negligence of the defendant. *Slaton* v. *Hall,* 168 *Ga.* 710 (supra).

■ The petition in this case makes a case of the homicide of the intestate by the gross negligence of the defendant. We can not hold as a matter of law that the averments of gross negligence in the petition, as amended, are not supported by the facts therein stated. *Foster* v. *Southern Ry. Co.,* 39 *Ga. App.* 216 (3) (146 S. E. 516) ; *Meddin* v. *Karsman,* 41 *Ga. App.* 282 (152 S. E. 601). The approach on downgrade to a covered bridge at night in his automobile driven by the defendant at sixty miles per hour, and after he had been warned to drive cautiously, taken in connection with the great and serious damage to the bridge, would have authorized the jury to infer wilfulness or wantonness on the part of the defendant. It follows that the petition was not demurrable upon the ground that its allegations failed to set up facts showing that the homicide was caused by the gross negligence of the defendant.

■ Section 5696 of the Civil Code of the State of Alabama is as follows: "A personal representative may maintain an action, and recover such damages as the jury may assess, in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant; but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate." Section 688 of title 28 of the United States Code Annotated, which was created to carry into effect art. 4, sec. 1, of the Federal constitution, requires the courts of the several States to enforce any transitory cause of action created by a statute of a sister State,

not opposed to the settled policy of the State wherein the cause of action is sought to be enforced. Under the above provision of the constitution and the above act of Congress the legislature of one State can not deny to one having a transitory cause of action originating in that State under one of its statutes the right to appeal to the courts of another State for the enforcement of his cause of action. *Tennessee Coal &c. Co.* v. *George,* 11 *Ga. App.* 223 (75 S. E. 567) ; Tennessee Coal &c. Co. *v.* George, 233 U. S. 354 (34 Sup. Ct. 587, 58 L. ed. 997). It follows that the trial judge did not err in striking an amendment to the answer of the defendant, which set up that under the Alabama statute the plaintiff could sue upon this cause of action only in the courts of that State.

■ This court will follow the decision of the Appellate Court of the State of Alabama (21 Ala. App. 633), construing the statutes of that State applicable to this case. *Slaton* v. *Hall,* supra. It follows that the trial judge did not err in overruling the demurrer to the amendment to the petition, allowed on July 11, 1927. The trial judge did not err in overruling the demurrer to the petition.

■ The evidence supports the verdict.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J., who dissents on the ground that this court is without jurisdiction, under the ruling in *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374).