## 24407. Rentz v. Collins.

Stephens, J. 1. Since the amount of damages for pain and suffering is determinable by the enlightened consciences of impartial jurors, it can not be said as a matter of law that a verdict of $1500 was excessive or the result of bias and prejudice, where there was evidence to authorize the inference that the plaintiff's injuries consisted of bruises upon her body, causing her to suffer great pain, as a result of which she was confined to her home for about six weeks, and it was necessary for her to be waited on and lifted into and out of the bed, and causing her to lose the use of her arm, so that she could not raise her hand to her shoulder; that her injuries were permanent; and that at her age (62 years) she would continue to suffer pain as long as she lived.

2. Upon the trial of a suit in which the plaintiff alleged that she suffered personal injuries as a result of negligent operation by the defendant of an automobile in which the plaintiff was traveling, which caused a collision between it and another automobile, a statement afterward made by the defendant to the plaintiff that he wanted her to have all the treatment and attention necessary, and would pay for such, and would probably pay something extra to her on account of her suffering, was relevant and admissible as tending to show admission of liability.

3. A charge to the jury of a correct principle of law, although it may not be applicable to any issue made by the evidence, is not necessarily harmful; and where it appears from a consideration of the pleadings and all the evidence adduced that such charge could not have influenced the verdict against the complaining party, such charge is not error. *Carter* v. *State*, 7 *Ga. App.* 42 (65 S. E. 1090); *Hunt* v. *Central of Ga. Ry. Co.*, 7 *Ga. App.* 375 (66 S. E. 1039); *Stanley* v. *Livingston*, 9 *Ga. App.* 523 (71 S. E. 878). Although there may not be any evidence to authorize the inference that the defendant's automobile in which the plaintiff was traveling and which collided with another automobile was not equipped with efficient and serviceable brakes, as alleged in the petition, yet where it appears from all the evidence, including the uncontradicted evidence that the defendant's automobile was at the time equipped with efficient and serviceable brakes, and where the evidence was sufficient to authorize the inference that the defendant was negligent in the operation of the automobile in other respects as alleged in the petition, such as at an unlawful and negligent speed, and that such negligence was the proximate cause of the plaintiff's injury, it appears that it was not harmful to the defendant for the court to charge that it was unlawful for motor vehicles to be operated upon the streets or highways of this State unless they were equipped with efficient and serviceable brakes, and that it was the contention of the plaintiff that the defendant was operating a vehicle which had defective brakes.

4. Where a witness testified that he had been driving automobiles for 20 years, that he knew the speed of automobiles when he saw them running, that the defendant's automobile at the time of the collision was being operated at a speed from 25 to 30 miles per hour, that the witness's estimate of the speed of the automobile was a mere "guess" made by him from "the way" the defendant's automobile "dragged" the witness's "car around," this being the automobile with which the defendant's automobile had collided and which witness was driving, and also by the "weight" of the witness's "car," the testimony had probative value as tending to establish the speed at which the defendant's automobile was being operated. Therefore a charge of the court to the jury that automobiles should not be operated in the city at a speed greater than 25 miles an hour was not subject to the objection that it was not adjusted to any issue made by the evidence.

5. It is not a violation of the statute which prevents a trial judge from expressing an opinion as to what facts have been proved, where a fact stated by him as having been proved is established by uncontradicted testimony. *Dexter Banking Co.* v. *McCook*, 7 *Ga. App.* 436 (67 S. E. 113). Where ordinances of a city were established by evidence which

was uncontradicted and undisputed, it was not error, as being an expression of an opinion on the facts and in violation of the statute, for the judge to state in the charge to the jury the existence of the ordinances as a fact.

6. The evidence authorized the inference that the plaintiff's injury was proximately caused by the alleged negligence of the defendant in the operation of his automobile at a street intersection at an excessive rate of speed and in violation of the ordinances of the city regulating the conduct of automobile drivers as respects speed at street intersections. The verdict for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 27, 1935.

*Grady Gillon,* for plaintiff in error.
*E. W. Tipton, Hall & Bloch,* contra.