31956.   ROPER *v.* SCOTT.

DECIDED MAY 20, 1948.

*Woodruff & Etheridge*, for plaintiff in error.

*George & John L. Westmoreland, J. Ralph McClelland Jr.*, contra.

GARDNER, J. ■ While the evidence is conflicting in some respects, it abundantly sustains the verdict for the plaintiff. Under the evidence the jury were authorized to find, under all the facts and circumstances, that the defendant was in clear violation of the ordinances of the City of Atlanta and they were authorized to find that the defendant was operating his automobile under the influence of intoxicating liquors. They were authorized to find that some one or more of the acts of negligence alleged and proved were the sole proximate cause of the injuries which the plaintiff alleged and proved that he received.

The court charged the principle of law as to apportionment of damages. It may reasonably be said under this record that conceding that the jury considered the plaintiff negligent in some degree, he was less negligent than the defendant. So far as the general grounds are concerned, they are without merit. This brings us to a consideration of the special grounds, which we will consider in their order.

■ Since the special grounds are so closely related, we will first set them out substantially and discuss them afterwards. Special ground 1 assigns error for the reason that while the defendant was on the stand, under cross-examination, he was asked whether a case was made against him for operating his car under the influence of whisky and whether or not to this charge he entered a plea of guilty and paid a fine. The defendant answered that there was such a case made against him and that he did plead guilty, all concerning the same transaction involved in this civil suit.

Counsel for the defendant objected to the admission of this evidence on the ground that it was immaterial, irrelevant, illustrated no issue and was hurtful and prejudicial to the defendant.

Special ground 2 assigns error because while the defendant was on the stand he was asked on cross-examination if he did not plead guilty with reference to leaving the scene of the accident. Counsel for the defendant interposed an objection to the admission of this testimony. The court first stated that he would let it in. This ruling of the court was made before the question was answered. Immediately thereafter the defendant stated that he did not enter any such plea. The judge then immediately stated that he would rule out the evidence on the alleged confession of leaving the scene of the accident.

Special ground 3: While the defendant was on the stand he was asked on cross-examination if he entered a plea of guilty to being drunk on the street, and if the sentence was not suspended. The grounds of objection to this question (there is no answer to the question in the record) was that the question sought to bring out irrelevant and immaterial and prejudicial matter because it permitted the jury to consider in a civil action for damages the fact that a criminal prosecution involving the same transaction had been determined adversely to the defendant; and further because the form of the question presupposed before the answer was given that a conviction was obtained and a sentence imposed instead of proving such by the highest and best evidence.

Special ground 4: While the defendant was on the stand he was asked by counsel if he was not charged with being drunk on the streets in the City of Atlanta. He stated that he was. He was then asked if he did not plead guilty. He said that he did not, and that he was not fined. He stated that the sentence was suspended because they all knew that he was not drunk. Over objection of the defendant the court admitted the evidence. The admission of the evidence is assigned as error because it is prejudicial and permitted the jury during a civil action for damages to consider the facts concerning a trial in another tribunal and the judgment in another tribunal adverse to the defendant. It must be kept in mind that at the outset the questions propounded to the defendant and the answers given by him pertained to confessions of the defendant involving the same transaction in some

lower court,—the record does not reveal whether in the recorder's court or some other court. As to whether these charges were made against the defendant in a court of record is not revealed by the record in the instant case. At any rate, it is clear that the defendant was on cross-examination and the questions propounded to him were for the purpose of ascertaining whether or not the defendant had made a confession concerning those charges. Where, as here, the defendant is being sued for negligence causing injury, one of which acts of negligence was for operating the car while under the influence of intoxicating liquors and the defendant in or out of court made a confession that he was so operating his car at the time of the injury complained of, we think this is permissible in a civil case as an admission. Of course such admission is only a circumstance to be considered along with all the other evidence in the civil action for damages. A plea of guilty differs only from a voluntary confession in that a voluntary confession not in court is mere evidence of guilt, while a plea of guilty is a formal confession in court on which a judgment may be rendered. And in either event the defendant may be asked if he made such confession either in or out of court and we think that if he testifies that he made such confession it is competent evidence in a civil case involving the same transaction as an admission. Our attention is called to several cases by counsel for the defendant that the court improperly admitted the evidence as set forth in these special grounds. We will discuss certain cases which have been called to our attention, first, *Pollard* v. *Harbin*, 56 *Ga. App.* 172 (192 S. E. 234). In that case the court held that the conviction in a criminal prosecution of the agent of the defendant in a civil action was not competent evidence. That is not the question here. Our attention is called to the case of *Cottingham* v. *Weeks*, 54 *Ga.* 275 (1), in which the court said: "In a suit by a widow for the homicide of her husband, the record of the acquittal of the defendant, under an indictment for the murder of the husband, is not evidence for the defendant in a civil suit, and a plea of such acquittal is demurrable." The principle there is not akin to the one here. In *Tumlin* v. *Parrott*, 82 *Ga.* 732 (2) 733 (9 S. E. 718), the Supreme Court said: "The record of the defendant's acquittal on an indictment for killing the cattle as constituting the offense of malicious mischief, though

the plaintiff was the prosecutor, is not admissible in the civil action." It will readily be seen that the ruling there is not akin to the question now under consideration. In *Seaboard Air-Line Ry. Co.* v. *O'Quin,* 124 *Ga.* 357 (52 S. E. 427; 2 L. R. A. (N. S.) 472), a passenger who claimed to have been forcibly expelled from a train by the conductor sued for damages. The court held that in such an action against the carrier it was not admissible to plead or prove the conviction of the plaintiff in a criminal prosecution brought against him for using profane and vulgar language in the presence of females on the occasion when he was forcibly expelled from the train. That case does not involve any confession at all. Moreover, the suit was not against the conductor. So the principles involved in that case are not applicable here. In *Powell* v. *Wiley,* 125 *Ga.* 823 (54 S. E. 732), a suit was instituted for an alleged assault and battery. The defendant offered a plea setting forth his acquittal in a criminal prosecution in the same alleged transaction. The court held that this was not competent evidence. It will be seen that the facts in this case in nowise involve a confession or admission.· This court held in *Corley* v. *State,* 64 *Ga. App.* 841 (3) (14 S. E. 2d, 121), that a witness who had been convicted of a crime involving moral turpitude might be discredited by reason thereof, but that this could not be done by parol testimony; that in such event an authenticated copy of the record would be the highest and best evidence. This is the law as we understand it, but the principle has no application in the instant case. The principle in the *Corley* case is not in conflict as we see it, with anything which the court said in *Hall* v. *Burpee,* 176 *Ga.* 270 (168 S. E. 39). Without going into further details or discussion, we see no merit in any of the special grounds. On the question of plea of guilty, confessions, and admissions, see *Lumpkin* v. *American Surety Co.,* 69 *Ga. App.* 887 (27 S. E. 2d, 412). While the assignments of error in the special grounds may raise some question as to whether the procedure was altogether proper, yet under the facts of this whole record none of them is cause for reversal.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*