35405. WEBB *et al. v.* MAY.

DECIDED JANUARY 24, 1955.

*Nall, Sterne & Miller,* for plaintiffs in error.
*George A. Durden, Hamilton Lokey,* contra.

FELTON, C. J. ■ A plea of guilty to a charge of violating a criminal statute is admissible against the offender in a civil negligence action against him where the negligence relied on grew out of the violation of the statute. *Roper* v. *Scott,* 77 *Ga. App.* 120 (2) (48 S. E. 2d 118). In such cases the authenticated copies of the proceedings in the criminal case are introduced as court papers. However, in the instant case the court did not allow the plea of guilty in evidence as a court paper, but admitted it as "some paper" allegedly signed by the defendant Foulks. The plaintiff sought to introduce in evidence an exemplified copy of the entire criminal proceedings. This was offered as plaintiff's exhibit No. 8. The defendants' counsel objected as follows: "I object to plaintiff's exhibit No. 8 on the grounds that

the evidence here has shown this document is highly irregular, and they offered it to get in the bottom part of the second page. It wasn't signed in a court or in the presence of a judge and the sentence was signed at a time when he wasn't present in court. I object to it on the grounds that it is highly prejudicial and calculated to be prejudicial and not a record of an authentic trial." Counsel for the plaintiff: "The defendant, Mr. Foulks, denies he even signed this paper. It is a certified copy of a record of court, and he stated specifically after being sworn and after reading it that he did not sign any paper like that. He said it was one that had a bond on it, and over and over again he said he did not sign that paper. It is a certified copy of record of the court of Tift County. He denies ever signing it after I read it to him and described where he signed it. It goes to impeach the witness and proves admission of guilt. He knew a warrant was taken out and his having denied even signing it, I think it is relevant and should go in." Counsel for the defendants: "I'm objecting to a certified copy of what purports to be a court record. My objection stands, if he is talking about offering a copy of something the man may have signed not as a court paper, on the ground that the original would be the highest and best evidence." Counsel for the plaintiff: "We think we could use the court record to impeach the man as he denied he made any admission of guilty. A certified copy of the plea of guilty is admissible." The Court: "Gentlemen, my ruling is going to be that plaintiff's exhibit No. 8 not be admitted in toto as it appears here. I am going to hold, however, that the last section of the second page of plaintiff's exhibit No. 8 may be admitted into evidence for the purpose only as it does of illustrating the contention of the counsel for plaintiff that he signed some paper which counsel for defendants contend he did not sign. I am not going to admit the balance of it. I will admit that portion of plaintiff's exhibit No. 8 which indicates this last paragraph of page No. 2 is a certified copy of a paper of record on file in the office of the Court of Ordinary in Tift County. The intention of the court being in making this ruling, to hold that there is sufficient evidence here to make it reasonably clear to the court that certainly the usual procedures involving the handling of criminal cases might not have been completely followed. That, however,

is utterly immaterial to the trial of this case, and I will so inform the jury. The question of whether or not a person has been sentenced or been fined in a criminal case is immaterial entirely. The question as to whether or not an individual has made some statement or signed some paper illustrating, or pointing out his conduct may or may not be relevant, depending how the jury sees that evidence. That will be my ruling with respect to plaintiff's exhibit No. 8. We will make such arrangements as necessary to allow the jury to see that portion of it which you have reference here."

It is clear that the plea of guilty was admitted in evidence only for its impeaching value. The plea not having been admitted as a court paper, the rule of evidence pertaining to court and official papers (Code § 38-601) does not apply; and since the plea was not so admitted, it, under the facts of this case, assumed the status of a private writing and the rule of evidence applicable to private writings applies (Code § 38-701), and the "highest and best evidence" objection was good and should have been sustained.

■ The plaintiff in error complains that the court erred in charging as follows: "The jury may, in its discretion, allow the plaintiff to recover the reasonable value of the use of the vehicle for a reasonable and necessary length of time during which the vehicle was being repaired, provided the aggregate of these amounts does not exceed the value of the vehicle before the injury with interest thereon." The only valid exception to this charge is that there was no evidence to authorize the charge because it nowhere appeared in the evidence that the length of time the vehicle was being repaired was a reasonable length of time. The charge correctly stated an abstract principle of law, but it was not adjusted to the evidence in this case. The plaintiff testified that 41 days elapsed from the time of the wreck until he "went back on the road." He further testified that he checked two or three times a week while the vehicle was in repair to see when the repairs would be finished. But there was no evidence to show that the 41 days was a reasonable length of time under the circumstances of the case. In the absence of such a showing on the part of the plaintiff, the charge complained of was error. See *Lamb* v. *Landers,* 67 *Ga. App.* 588, 593 (21

S. E. 2d 321); Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 6, Part 1, § 3418, p. 63; Kohl v. Arp, 236 Iowa 31 (17 N. W. 2d 824, 169 A. L. R. 1067, 1072), and see note following case as reported in 169 A. L. R.

It is not necessary to rule on the other grounds of the amended motion.

The court erred in denying the amended motion for new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*