36044. HENDERSON *et al. v.* HENDERSON.

DECIDED JUNE 1, 1956—REHEARING DENIED JUNE 14, 1956.

*Peacock, Perry & Walters,* for plaintiff in error.

*Lippitt & Lippitt,* contra.

TOWNSEND, J. ■ Special ground 4 of the amended motion for a new trial assigns error on the ruling of the court admitting an accident report of Patrolman Greer, and on the overruling of the various objections interposed by counsel in regard to this evidence, as set out in the statement of facts, supra. The accident report was objected to only because it showed an arrest of the defendant for failure to grant the right of way. The defendant and her husband then testified that the defendant told her husband to pay a fine. The testimony of the defendant as to the manner in which she drove her car on the occasion of the collision in which the plaintiff was injured demands a finding that she was guilty of the offense of failure to yield the right of way. She testified before the jury that her attempt to plead guilty was for "reckless driving" which as such, is not criminal. It, nevertheless, amounts to an admission against her interest.

Accordingly (a) the admission of the accident report was not harmful because the plaintiff admitted the facts therein shown, and (b) the objection that the plea of guilty would be the highest and best evidence is not meritorious. Actually such a plea of guilty, attempted to have been made by the husband on the authority of the wife to a deputy sheriff who is not authorized to receive such pleas, would be void. The evidence is not admissible on the theory that it is a plea of guilty but it is admissible on the theory that it constitutes an admission against interest.

In *Roper* v. *Scott,* 77 *Ga. App.* 120 (2) (48 S. E. 2d 118) this court held: "Where a civil action is instituted for damages on grounds of negligence for the violation of penal ordinances or statutes, and the defendant has previously confessed or pleaded guilty to the violation of such penal statutes *whether it be in or out of court,* these confessions are competent · evidence as

admissions against him in the civil action with reference to the same transaction." (Italics ours.) The reason that such testimony is admissible is not because a plea of guilty in a court has any particular sanctity on the trial of a civil action, but only because the plea constitutes an admission that the defendant was at fault. It does not need to be made in judicio, for under the authority of the *Roper* case it is admissible whether made in or out of court. If the judicial context of the admission is not controlling, as it thus appears that it is not, then it does not matter that in this case the plea of guilty would not have been sufficient as such in a criminal action. Such admissions are admissible on the ground that a party presumably will not make a statement against his interest unless it is true. In actions for personal injuries, a statement by a defendant to a plaintiff that he wants to pay for the plaintiff's medical attention constitutes an implied admission of liability. *Rentz* v. *Collins,* 51 *Ga. App.* 782 (2) (181 S. E. 678).

"Generally, proof of an explicit voluntary admission by a person of a fact adverse to his own interest is, in any civil proceeding against him, prima facie evidence of the existence of that fact; and, unless explained or denied, such admission may, of itself, authorize a jury to find accordingly. *William Hester Marble Co.* v. *Walton,* 22 *Ga. App.* 433 (4) (96 S. E. 269)." *Scott* v. *Kelly-Springfield Tire Co.,* 33 *Ga. App.* 297 (1) (125 S. E. 773).

Accordingly, regardless of the legal effect of the attempt to plead guilty on the part of the defendant by authorizing her husband to pay a fine to a deputy sheriff, her own interpretation of this act as an acknowledgment that she was guilty of a traffic violation out of which this cause arose is admissible as an admission against her interest, and is the highest and best evidence of that fact, the plea itself being void. Because of this admission, any facts to the same effect shown by the accident report are harmless to the defendant. Failure to yield the right of way is alleged in the petition and is a violation of Code (Ann. Supp.) § 68-1650 (b). This ground is without merit.

■ Special ground 5 assigns error on the failure of the court to declare a mistrial on motion because of the statement of counsel for the plaintiff in discussing a reported case, *West* v.

*Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808) with the court: "I represented the insurance company in that case and we lost the case and Your Honor tried the case." It is not contended that this was ground for a mistrial because it injected the issue of automobile liability insurance into the case. Counsel for the defendant had himself stated to the jury that the real defendant was an insurance company. The contention was that it was irrelevant and prejudicial. The court stated to the jury in answer to the motion "Well that's just a passing remark. Get that out of your minds . . . I told the jury not to consider the remarks, gentlemen, just don't consider the facts in any other case."

In discussing decided cases it is improper for counsel to make any remark as to the facts in such cases. *Mays* v. *Mays,* 153 *Ga.* 835 (113 S. E. 154). Assuming that it was under this rule improper to point out that the insurance company lost the case, it was not such prejudicial error as to require the grant of a mistrial, especially in view of the corrective action taken by the judge, to mention that another defendant in another case belonging to the same class as the defendant here lost that case. This assignment shows no such error as to require reversal. The remaining special ground is expressly abandoned.

■ As to the general grounds of the motion for a new trial it was necessary for the plaintiff's recovery to prove gross negligence against the defendant. *West* v. *Rosenberg,* 44 *Ga. App.* 211 (1, 5a) (160 S. E. 808) ; *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297). The evidence shows that the defendant driver testified that she entered the intersection while talking with the plaintiff who was sitting beside her in the seat without looking to the right and accordingly without seeing another automobile which was approaching the intersection in plain view of her and for which she would have stopped if she had observed its approach. Questions of diligence and negligence and also questions as to the degree of negligence involved are ordinarily for the jury. *McDuffie* v. *Childs,* 43 *Ga. App.* 37 (157 S. E. 900); *Slaton* v. *Hall,* 172 *Ga.* 675 (158 S. E. 747). The evidence here was sufficient to authorize a finding that the defendant had not used even slight care in entering the intersection without glancing at the intersecting road to ascertain that an automobile in plain

view was about to enter from her right. The jury was also authorized to find the plaintiff guilty of negligence per se. Code (Ann. Supp.) § 68-1650 (b) supra. The evidence was sufficient to authorize the verdict and the trial court did not err in denying the motion for a new trial.

There having been on rehearing, a dissent to the original opinion reversing this case, the case was, pursuant to the Act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232; Code, Ann. Supp., § 24-3501), considered by the court as a whole. The original opinion was vacated and the present opinion substituted therefor.

*Judgment affirmed. Gardner, P. J., Quillian, and Nichols, JJ., concur. Felton, C. J., and Carlisle, J., dissent.*

FELTON, C. J., dissenting. ■ I think the court erred in admitting the testimony of one of the defendants, Mrs. Mable Laverne Henderson, to the effect that she entered a plea of guilty to the charge of "reckless driving." The evidence was introduced as an admission against interest but it is clear to me that the plaintiff's motive and purpose in introducing the testimony was to show a legal plea of guilty, which meant that there was a charge against the witness and that she entered a legal plea before a judge authorized to receive it. When it was developed from the evidence that there was no such plea of guilty *the plaintiff did not seek to show what was said or written in such purported plea of guilty,* but insisted on the admissibility of the testimony that the witness entered a plea of guilty and the court admitted the testimony as an admission against the witness's interest. This was error for the reason that the highest and best evidence of what the charge was and to what charge the witness pleaded would have been a certified copy of the charge and the plea. There was no attempt made to introduce evidence as to what the witness actually admitted doing. It is true she stated that she intended to plead guilty to reckless driving but there is no such offense and her admitting guilt of such an offense means nothing and the admission of such evidence was erroneous and harmful, as originally held unanimously by the second division of this court. For authority that a certified copy of the record is the highest and best evidence of a plea of guilty see the recent case of *Webb* v. *May,* 91 *Ga. App.* 437 (85 S. E. 2d

641). It will be seen from that case that if the plaintiff had abandoned the idea of introducing the evidence as a plea of guilty and had sought to introduce evidence of what the plea included, the original of the actual plea would have been the highest and best evidence; but the defendants had no opportunity to object to the testimony on that ground and it was not necessary because the intention was to prove a plea of guilty, and the defendants offered a valid objection to that evidence. The ruling in *Roper* v. *Scott,* 77 *Ga. App.* 120 (48 S. E. 2d 118), is not authority for the ruling in this case holding the evidence admissible. In Ground 4 of the amended motion in the *Roper* case complaint was made of the admission by Mr. Roper that he pleaded guilty in a police court to operating under the influence of whisky. The ground stated that the question was objected to on the ground that the same was irrelevant and illustrated no issue to be tried in the case. In Ground 6 of the amended motion in the *Roper* case complaint was made of the asking the question whether Mr. Roper pleaded guilty to a charge that he was drunk on the street. This ground stated that the defendant objected to the question on the ground that the same was irrelevant, immaterial, and prejudicial, and objected particularly to the form of the question "on which a sentence was suspended" on the ground that the record would be the highest and best evidence of the act sought to be proved. In assigning error on the allowance of such question the movant restricted his assignment of error thereon. He contended (1) that the question sought to bring out irrelevant, immaterial, and prejudicial matter, and permitting it to be answered was hurtful and prejudicial to movant because it permitted the jury, considering a civil action for damages, to consider the fact that a criminal prosecution involving the same transaction had been determined adversely to defendant; and (2) he made the contention that the form of the question presupposed before the answer was given that a conviction was obtained and a sentence imposed instead of proving such an allegation by the highest and best evidence. In Ground 7 of the amended motion in the *Roper* case the complaint to the admission by Mr. Roper that he pleaded guilty to being drunk on the street was confined to the point that the evidence was irrelevant and its admission was

hurtful and prejudicial to movant because it permitted the jury, trying a civil action for damages, to consider the facts surrounding a trial in another tribunal and the judgment of such other tribunal, adverse to the defendant, in its deliberations concerning the same transaction in a civil action for damages. Not a single one of the grounds of the amended motion in the *Roper* case properly raised the question whether a certified copy of the record in the criminal case in which the plea was contended to have been entered was the highest and best evidence of the charge made against the defendant in such case and the plea of guilty entered to such charge.

■ Of course, if the defendant, Mrs. Henderson, had in her testimony admitted any of the acts charged against her in this civil proceeding, such as failing to yield the right of way, any similar extra-judicial admissions to the same or like effect would have been harmless. She, however, never made such an admission in the presence of the jury. To have done so she would have to have admitted on the stand that she failed to yield the right of way under circumstances which would have made her failure to do so negligence as to the driver of the car with which she collided and as to the plaintiff, and that such negligence was the proximate cause of the plaintiff's injuries. I submit that she made no such admission on the stand. The following is the testimony of the defendant, Mrs. Henderson, on the subject: "Q. Do you recognize that intersection and undergrowth and trees on the right there? A. Yes, sir. Q. I will ask you whether the view of one approaching that intersection is blocked on the right by trees and undergrowth? A. Yes, sir. Q. That is a dirt road? A. Yes, sir. Q. Which direction did you intend to turn, if any, when you entered the intersection? A. I intended to go left but I went right by. Q. Ma'am? A. I intended to turn to the right—to the left but I just ran on by the road. Q. I didn't understand you—you said you intended to turn left and what? A. I intended to turn left but we were talking and it slipped my mind and I went on across. Q. You didn't turn right? A. No, sir. Q. Did you ever see that car on the right? A. I may have glanced it but we were nearly together. Q. You were practically together when you saw it? A. Yes, sir. Q. Do you have any idea about how fast you were traveling? A.

30 or 35 miles. Q. Of course, you didn't look at the speedometer? A. No. Q. Did you keep your head to the left, did you ever turn your head to the right? A. No, sir, I know I didn't or I would have seen the car. Q. Ma'am? A. I know I didn't turn my head to the right or I would have seen the car. Q. You didn't or you would have seen the car? A. Yes. Q. I will ask you if this is a picture of the car you were driving after the collision? A. Yes. Q. Is that a correct picture of the car you were driving? A. Yes. Q. What type car were you driving? A. A '53 Chevrolet. Q. I believe you were proceeding from the west toward the east on the Vickers Road? A. That's right. Q. And the other car was proceeding from the south toward the north? A. That's right. Q. And it was proceeding on the Fussell Road? A. That's right. Q. You intended, after you got in the intersection you were going to turn and go north? A. Yes. Q. You never did turn? A. No. Q. As I understand it you went beyond the intersection and never did turn? A. No. Q. You were beyond the intersection when you hit the car? A. Yes. Q. You were on your right-hand side? A. Yes. Q. Do you know what car got in the intersection first? A. No, sir, I don't. Q. Would you or would you not say you approached the intersection about the same time—you and the other car? A. We could have but I don't know. Q. You don't know? A. No, I don't know. Q. You didn't put on any brakes? A. No, sir. Q. Did you attempt to put on any brakes? A. No, sir. Q. Was your mother-in-law hurt? A. Yes, sir. Q. I think I asked you but I just want to be sure,—this is a correct picture of the trees over on the right-hand side as you approached? A. The trees were to my left—these would be to my right and these here are on the left. Q. That's right—these over here were to your left? A. Yes. Q. And these trees here were over on the right-hand side? A. No. I was coming this way and he was coming this way— this is the tree on the right. Q. These are the trees on the right? A. Yes, these are the trees on the right. Q. These are the trees on the right? A. Yes." At most this testimony shows that this defendant did not look to the right and did not stop or apply brakes. That alone does not show that she was

78

negligent as to plaintiff or that her negligence was the proximate cause of plaintiff's injuries. It could have been possible, under the flimsy evidence, that the defendant Mrs. Henderson had the right of way despite her failure to look to the right, etc. It is very doubtful whether the evidence would have authorized a verdict for the plaintiff without the inference from the harmful and illegal evidence that the defendant Mrs. Henderson admitted that she failed to yield the right of way. It will be noted in the statement of facts that when the defendant Mrs. Henderson stated that she pleaded guilty to failing to yield the right of way (assuming that what she said means that she did so) the jury was out of the room and such a statement is not evidence in the case. The majority opinion is not based on this evidence, but, in reading the case, the fact that the jury was out at the time this testimony was given may not be observed by a casual reader. I am authorized to say that Carlisle, J., concurs in this dissent.