## 48872. EDWARDS v. BULLARD.

STOLZ, Judge.

In this action for damages for personal injuries resulting from the collision of the automobile driven by the defendant with the automobile in which the plaintiff

was a passenger, the complaint alleged as negligence per se the defendant's violations of Code Ann. § 68-1652 (a) (Ga. L. 1953, Nov. Sess., pp. 556, 590) and Section 20-8.4 (1) and (2) of the Traffic Ordinances of the City of Columbus, Georgia. The trial judge sustained the defendant's motion to strike all allegations as to the ordinance on the ground of its unconstitutionality, and the complaint was recast accordingly. On the trial of the case, the plaintiff's counsel in his opening statement said that he expected to show that the defendant had pleaded guilty in the Recorder's Court of Columbus to a charge of failing to yield the right-of-way. The defendant's counsel then moved for a mistrial on the ground that the said ordinance, to the violation of which the guilty plea had been entered, had been ruled invalid and stricken from the complaint by the trial judge. The trial judge granted the motion for mistrial, from which judgment, certified for immediate review, the plaintiff appeals. *Held:*

1. The ordinance in question, Section 20-8.4. Vehicle entering stop and yield intersection, states, "Immediately before entering a right of way highway from an intersection highway, the driver of the vehicle shall come to a complete stop. Highways, coming within the following classifications, shall be right of way highways: (1) All highways where there are now placed legible 'STOP' signs or signals, plainly designating the right of way highways at which vehicles shall stop before entering. (2) . . . The driver of a vehicle entering a right of way highway from an intersecting highway after coming to a complete stop shall drive cautiously into such right of way highway yielding right of way to vehicles approaching from the driver's left and driver's right." The ordinance clearly encroaches upon and is in conflict with Code Ann. § 68-1652 (a) (Ga. L. 1953, Nov. Sess. pp. 556, 590). The provisions of the state traffic laws (Code Ann. Chs. 68-15 through 68-17; § 68-9927) are applicable and uniform throughout the state, in all municipalities, and no local authority may enact any law, ordinance, etc. in conflict therewith unless expressly authorized. Code Ann. § 68-1606 (Ga. L. 1953, Nov. Sess. pp. 556, 567). "Laws of a general nature shall have uniform operation throughout the state, and no special law shall be enacted

in any case for which provision has been made by an existing general law." Art. I, Sec. IV, Par. I, of the Constitution of Georgia of 1945 (Code Ann. § 2-401). The trial judge correctly ruled the municipal ordinance unconstitutional.

2.  " 'The time with reference to which the constitutionality of an act is to be determined is the date of its passage by the enacting body (*Jones v. McCaskill,* 112 Ga. 453 (37 SE 724)); and if it is unconstitutional then, it is forever void.' *Grayson-Robinson Stores v. Oneida Ltd.,* 209 Ga. 613, 617 (75 SE2d 161). 'The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted.' 11 Am. Jur. 827, § 148." *Frankel v. Cone,* 214 Ga. 733, 738 (107 SE2d 819). Thus, the trial judge was correct in striking the unconstitutional ordinance from the pleadings and requiring that the same be recast.

3.  ". . . [T]he trial court has a wide discretion in granting or refusing to grant a mistrial in such cases, and unless it is manifest that a mistrial was essential to the preservation of a fair trial, the appellate courts should not interfere with the proper exercise by the trial judge of this discretion." *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601, 606 (106 SE2d 535) and cits.

Here, the motion for mistrial was made and granted when plaintiff's counsel in his opening statement said that he expected to show that the defendant had pleaded guilty in the Recorder's Court of Columbus to a charge of failing to yield the right of way. Since we have agreed with the trial judge that the municipal ordinance was unconstitutional and void, it necessarily follows that the guilty plea which was entered thereto is a nullity and hence of no probative value. Thus, plaintiff's counsel should not have made the remark complained of in his opening statement.

Nothing herein should be construed as holding that the defendant's admission against interest would not be competent evidence. Generally, "[t]he rule, as to parties

to a suit, is that while convictions for criminal offenses are inadmissible in a civil action, a plea of guilty or a confession may be shown as an admission against interest. *Roper v. Scott,* 77 Ga. App. 120 (2) (48 SE2d 118); *Henderson v. Henderson,* 94 Ga. App. 64, 71 (93 SE2d 822); *Malcom v. Malcolm,* 112 Ga. App. 151, 156 (144 SE2d 188)." *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507, 509 (167 SE2d 729). See also *Locklear v. Morgan,*129 Ga. App. 763, 764 (201 SE2d 163) and cit. This is true even though the admission in evidence of the admission against interest indirectly proves that the defendant was charged with a criminal offense, which may not, under *Smith v. Goodwin,* 103 Ga. App. 248 (119 SE2d 35), be proved directly. *Crossley v. Collins,* 128 Ga. App. 889, 890 (198 SE2d 428). Such admission against interest is prima facie evidence *of the facts admitted. State Farm &c. Ins. Co. v. Godfrey,* 120 Ga. App. 560, 563 (171 SE2d 735) and cits. A general plea of guilty, under an indictment containing two counts, is in effect a plea of guilty to both offenses. *Bishop v. State,* 21 Ga. App. 236(4) (94 SE 49). The ordinance to which the defendant generally pleaded guilty, contained two subdivisions, hence it was an admission as to the elements of both, i.e., (1) not stopping at a stop sign or signal before entering the right-of-way highway; (2) not driving cautiously into said highway after coming to a complete stop, and not "yielding right-of-way to vehicles approaching from the driver's left and driver's right." Failure to yield the right-of-way was the essence of the violation of the ordinance to which the defendant pleaded guilty, as well as the state statute, the violation of which is alleged as negligence per se in the present complaint. "In *Roper v. Scott,* 77 Ga. App. 120 (2) (48 SE2d 118) this court held: 'Where a civil action is instituted for damages on grounds of negligence for the violation of penal ordinances or statutes, and the defendant has previously confessed or pleaded guilty to the violation of such penal statutes *whether it be in or out of court,* these confessions are competent evidence as admissions against him in the civil action with reference to the same transaction.' (Italics ours.) The reason that such testimony is admissible is not because a plea of guilty in a court has any particular sanctity on the trial

of a civil action, but only because the plea constitutes an admission that the defendant was at fault. It does not need to be made in judicio, for under the authority of the *Roper* case it is admissible whether made in or out of court. If the judicial context of the admission is not controlling, as it thus appears that it is not, then it does not matter that in this case the plea of guilty would not have been sufficient as such in a criminal action. Such admissions are admissible on the ground that a party presumably will not make a statement against his interest unless it is true. In actions for personal injuries, a statement by a defendant to a plaintiff that he wants to pay for the plaintiff's medical attention constitutes an implied admission of liability. *Rentz v. Collins,* 51 Ga. App. 782 (2) (181 SE 678). " 'Generally, proof of an explicit voluntary admission by a person of a fact adverse to his own interest is, in any civil proceeding against him, prima facie evidence of the existence of that fact; and, unless explained or denied, such admission may, of itself, authorize a jury to find accordingly. *William Hester Marble Co. v. Walton,* 22 Ga. App. 433 (4) (96 SE 269).' *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (1) (125 SE 773)." *Henderson v. Henderson,* 94 Ga. App. 64, 71 (93 SE2d 822). Even if the ordinance was invalid, as has been held, "[his] own interpretation of this act as an acknowledgment that [he] was guilty of a traffic violation out of which this cause arose is admissible as an admission against [his] interest, and is the highest and best evidence of that fact, the plea itself being void." *Henderson v. Henderson,* supra, p. 72.

The trial judge did not commit reversible error in sustaining the defendant's motion for a mistrial.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 12, 1974 — REHEARING DENIED FEBRUARY 20, 1974.

*Kelly, Champion, Denney & Pease, Billy E. Moore, Edward W. Szczepanski,* for appellant.

*Page, Scrantom, Harris, McGlamry & Chapman, Max R. McGlamry,* for appellee.